UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18 C 5391 |
| v. | ) | |
| | ) | Judge Wood |
| BROADCASTING BOARD OF | ) | |
| GOVERNORS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Broadcasting Board of Governors, U.S. Department of Commerce, Bureau of Industry and Security, U.S. Department of the Interior, Geological Survey, U.S. Department of Health and Human Services, Administration of Children and Families, U.S. Department of Justice, Federal Bureau of Investigation and Office of Justice Programs, U.S. Department of Homeland Security, Immigration and Customs Enforcement and U.S. Citizenship and Immigration Services, U.S. Department of State, U.S. Agency for International Development, and U.S. Customs and Border Protection, by their attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, for their answer to plaintiff Jacqueline Stevens's complaint, state as follows:

### First Defense

Stevens's claims are barred to the extent she failed to exhaust her administrative remedies prior to filing suit.

### Second Defense

Answering the specific allegations of the complaint, defendants admit, deny, or otherwise aver as follows:

1.     **Complaint:**  This is an action under the Freedom of Information Act, 5 U.S.C. 522 (hereinafter "FOIA") seeking agency records wrongfully withheld in what appears to be a broad pattern and practice by the federal government across multiple agencies of utterly failing to comply with its obligations under the FOIA statute.  The nature of the agency records requested relate to programs managing United States (hereinafter "U.S.") national sovereignty in the areas of deportation, surveillance, propaganda, and weapons production, distribution, and counter-terrorism.

      **Response:**  Defendants admit that Stevens bring this action under the FOIA. Defendants deny the remaining allegations in paragraph 1.

2.     **Complaint:**  Professor Jacqueline Stevens seeks declaratory, injunctive and any other relief the court deems appropriate with respect to the unlawful withholding of these records by: the Board of Broadcasting Governors ("BBG"), the Bureau of Industry and Security ("BIS"), an agency of the United States Department of Commerce ("DOC"); Immigration and Customs and Enforcement ("ICE") and Citizenship and Immigration Services ("USCIS"), both agencies of the United State Department of Homeland Security ("DHS"); the United States Geological Survey ("USGS"), within the Department of the Interior ("DOI"); Executive Office of Immigration Review ("EOIR"), Federal Bureau of Investigation ("FBI"), and Office of Justice Programs ("OJP"), within the United States Department of Justice ("DOJ"); the Administration for Children and Families ("ACF"), within the Department of Health and Human Services ("HHS"); the United States Department of State ("DOS"), and the United States Administration for International Development ("USAID").

      **Response:**  Defendants admit that Stevens seeks declaratory and injunctive

relief but deny that Stevens is entitled to the requested relief. Defendants deny the remaining allegations in paragraph 2.

3.    **Complaint:**  Stevens needs these records for her scholarship and journalism analyzing professional and criminal misconduct in government, corporations, and non-profit organizations that implement policies on behalf of U.S. national sovereignty.

**Response:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3; accordingly, they are denied.

4.    **Complaint:**  Furthermore, the withholding of responsive records by the Department of Defense ("DOD"), Navy; Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"); and the Department of State ("DOS") are part of a pattern and practice of these agencies.

**Response:**  Deny.

### Jurisdiction and Venue

5.    **Complaint:**  This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 and 5 U.S.C. 522(a)(4)(B).  This court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. 2201-2202.

**Response:**  Admit.

6.    **Complaint:**  Venue is proper under 5 U.S.C 522(a)(4)(B) because Stevens works and resides within this District.

**Response:**  Admit.

### Parties

7.    **Complaint:**   Plaintiff Professor Jacqueline Stevens is a Professor of Political

3

Science and since 2012 the founding Director of the Deportation Research Clinic at Northwestern University. Her office and primary place of residence are in Cook County, Illinois.

> **Response:** Admit.

8. **Complaint:** Stevens' past publications using documents obtained under the FOIA have been used to draw national attention to secret ICE detention facilities in unmarked office parks and urban buildings; the unlawful detention and deportation of U.S. citizens as aliens; and major violations by private prisons of employment laws and the Trafficking Victims Protection Act, including forced labor. In addition to scholarship and media coverage, the information she obtained and analyzed became the basis for litigation.

> **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8; accordingly, they are denied.

9. **Complaint:** Stevens is trained as a political theorist. Her requests for which she seeks injunctive relief in this Complaint are for the purpose of analyzing, reporting, and theorizing the contradictions of nativism, nationalism, and militarism with the U.S. Constitution and the rule of law. This includes the detention and deportation of U.S. citizens as aliens, the mistreatment of people held under immigration law, and the distortions of knowledge produced by what Senator William Fulbright called the "military-industrial-academic complex."

> **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9; accordingly, they are denied.

10. **Complaint:** Stevens has requested contracts, not grants, that commit universities, especially Northwestern University ("NU"), to providing goods and services to U.S government

agencies that militarize foreign and domestic relations. Based on information and belief, the materials requested will provide insights into the corruption of independent inquiry and education by directors and officers of firms such as Boeing, Caterpillar, General Dynamics, and Halliburton who are also running the research universities bidding on these contracts, including NU.

**Response:** Defendants admit that Stevens has requested university contracts in the FOIA requests at issue in this case. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10; accordingly, they are denied.

11. **Complaint:** Defendant Broadcasting Board of Governors ("BBG") is an agency of the Department of Commerce ("DOC") a department of the United States government within the meaning of 5 U.S.C. § 552(f)(1) from which Stevens sought information.

**Response:** Defendants admit that the BBG is an agency within the meaning of 5 U.S.C. § 522(f)(1) and that Stevens sought information from the BBG through a FOIA request. Defendants deny that the BBG is an agency of the U.S. Department of Commerce.

12. **Complaint:** Defendants Immigration and Customs Enforcement ("ICE") and Citizens and Immigration Services ("USCIS") are agencies of the Department of Homeland Security ("DHS"), a department of the executive branch of the U.S. government within the meaning of 5 U.S.C. § 552(f)(l) from which Stevens sought information.

**Response:** Defendants admit that ICE and USCIS are agencies of the United States within the meaning of 5 U.S.C. § 552(f)(1) and are components of DHS. Defendants also admit that Stevens sought information from ICE and USCIS through FOIA requests. Defendants deny the remaining allegations in paragraph 12.

13. **Complaint:** Defendant United States Geological Survey ("USGS") is an agency

5

of the Department of Interior ("DOI"), a department of the executive branch of the U.S. government within the meaning of 5 U.S.C. § 552(f)(1) from which Stevens sought information.

**Response:** Defendants admit that USGS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is a component of DOI. Defendants also admit that Stevens sought information from USGS through a FOIA request. Defendants deny the remaining allegations in paragraph 13.

14. **Complaint:** Defendant Executive Office of Immigration Review ("EOIR"), Federal Bureau of Investigation ("FBI") and Office of Justice Programs ("OJP") are agencies in the Department of Justice ("DOJ"), a department of the executive branch of the U.S. government within the meaning of 5 U.S.C. § 552(f)(l). EOIR, the FBI, and the OJP are agencies from which Stevens has requested information.

**Response:** Defendants admit that EOIR, FBI, and OJP are agencies of the United States within the meaning of 5 U.S.C. § 552(f)(1) and are components of DOJ. Defendants also admit that Stevens sought information from EOIR, FBI, and OJP through FOIA requests. Defendants deny the remaining allegations in paragraph 14.

15. **Complaint:** Defendant Administration for Children and Families ("ACF") is an agency of the Department of Health and Human Services ("HHS"), a department of the executive branch of the U.S. government within the meaning of 5 U.S.C. § 552(f)(l). The ACF is an agency from which Stevens has requested information.

**Response:** Defendants admit that ACF is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is a component of HHS. Defendants also admit that Stevens sought information from ACF through FOIA requests. Defendants deny the remaining allegations

6

in paragraph 15.

16.     **Complaint:**  Defendant Department of State ("DOS") is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(l).  The DOS is an agency from which Stevens has requested information.

       **Response:**  Admit.

17.     **Complaint:**  Defendant United States Agency for International Development ("USAID") is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(l).

       **Response:**  Admit.

## Nature of the Action

18.     **Complaint:**  Plaintiff has exhausted administrative appeals for each named Defendant agency mandated by law and has also failed to obtain responsive documents after contacting the FOIA Ombuds Office of Government Information Services ("OGIS").

       **Response:**  Deny.

19.     **Complaint:**  The Defendants per the actions detailed below have all violated FOIA provisions, either by constructive denials of requests and appeals, or by final responses to appeals that misstate the law or that exceed the agencies' authority to withhold responsive information.

       **Response:**  Deny.

20.     **Complaint:**  All calculations of days elapsed are through the date of this filing, August 8, 2018.

       **Response:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20; accordingly, they are denied.

7

### Requests for Information of Broadcasting Board of Governors

**A.    BBG FOIA Case No. 16-046-1, D3 Systems Inc. Request**

21.    **Complaint:**  On March 13, 2016, Stevens sent by U.S. mail a FOIA request for:

> All D3 Systems, Inc. contracts (including addenda) and work products associated with these contracts produced since January 1, 1985.
>
> This includes but is not limited to background information and work status updates shared with or received from D3 Systems, Inc. and its employees or subcontractors.

**Response:**  Defendants deny that Stevens sent BBG a FOIA request on March 13, 2016, and aver that Stevens's FOIA request to BBG was dated June 14, 2016.  Defendants also deny that paragraph 21 accurately quotes Stevens's June 2016 FOIA request to BBG.

22.    **Complaint:**  On Aug. 5, 2016, BBG sent Stevens a letter informing her that her FOIA request numbered 16-046-1 had been received on June 20, 2016.

**Response:**  Defendants deny that Stevens's FOIA request to BBG was numbered 16-046-1 and aver that the request was numbered 16-046.  Defendants admit the remaining allegations in paragraph 22.

23.    **Complaint:**  On May 30, 2017 BBG released 109 pages of files to Stevens in response to her request.

**Response:**  Admit.

24.    **Complaint:**  On Aug. 23, 2017, Stevens appealed the response.

**Response:**  Deny.  Defendants aver that Stevens's appeal was dated August 17, 2017, and that BBG received the appeal on August 23, 2017.

25.    **Complaint:**  On October 16, 2017, BBG's Access Appeal Committee (AAC)

8

granted her appeal and directed the agency to perform a supplemental search to include "all background information and work status updates shared with or received from D3 Systems, email, system records, reports, draft reports, and notes."

        **Response:** Admit.

26.    **Complaint:** On June 17, 2018, BBG's FOIA Office sent Stevens its final response to her appeal. This included 1,427 pages of releasable pages. In addition, the BBG stated it had withheld 14 records (1,062 pages in total) in their entirety pursuant to FOIA Exemptions 4 and 6 and, "three records (133 pages in total) were withheld in their entirety pursuant to FOIA Exemption 5 to protect Agency deliberative process privileges."

        **Response:** Admit.

27.    **Complaint:** The BBG subsequent to Plaintiff's administrative appeal continues to withhold a large number of substantial number of responsive documents in their entirety.

        **Response:** Deny.

28.    **Complaint:** The BBG is a propaganda arm of the U.S. government. The BBG has its authority from the United States International Broadcasting Act of 1994, which states: "The broadcasting shall- (1) be consistent with the broad foreign policy objectives of the United States..." Surveys and polls BBG commissions have been presented by U.S. government officials as having been developed by independent media sources, such as ABC News, even though the information is commissioned from contractors hired by the U.S. government.

        **Response:** Defendants admit that the BBG has authority pursuant to the United States International Broadcasting Act of 1994. Defendants aver that the BBG changed its name to the U.S. Agency for Global Media effective August 22, 2018. Defendants deny the remaining

allegations in paragraph 28.

**Requests for Information of Department of Commerce, Bureau of Industry and Security**

**B.     BIS FOIA Case No. DOC-BIS-2017-001364, Information on which BIS Relies for "Offsets in Defense Trade" Annual Reports**

29.     **Complaint:**   On June 13, 2017, Stevens submitted a FOIA request for the following:

> All documents, information, reports, notes, or emails or any other items in any form submitted to the government that resulted in the BIS reports of offsets monetized under the heading of "Education" in the BIS annual "Offsets in Defense Trade" annual reports between 1990 and the present.

> **Response:** Admit.

30.     **Complaint:**   On July 11, 2017, BIS sent a letter to Stevens stating that it had completed its search for records pertaining to her request, assigned case number DOC-BIS-2017-001364.  The response stated that "BIS cannot determine how many pages are responsive to the 'Education' reporting in the BIS Offsets in Defense Trade annual reports."  It withheld all pages in full, citing FOIA Exemptions (b)(3) and (b)(4).

> **Response:**  Defendants admit that paragraph 30 accurately quotes part of the July 11, 2017 letter BIS sent to Stevens.  Defendants admit the remaining allegations in paragraph 30.

31.     **Complaint:**     On October 6, 2017, Stevens appealed by email to foiaappeals@doc.gov the agency's final response, contesting the agency's grounds for a full withholding of records.  DOC provided no tracking number for the appeal.

> **Response:**  Defendants admit that Stevens appealed the decision relating to FOIA request number DOC-BIS-2017-001364 on October 6, 2017.  Defendants deny that Stevens was not provided a tracking number for the appeal and aver that Stevens was provided the tracking

number (DOC-OS-2018-000051) on October 10, 2017.

32. **Complaint:** On July 19, 2018, Stevens spoke with a BIS FOIA officer on the telephone and then received by email confirmation that the Office of the General Counsel (OGC) of the DOC had received her appeal. Stevens immediately sent an email to the address the BIS FOIA officer provided and inquired about the status of her appeals, all filed on October 6, 2017. The OGC has not replied.

**Response:** Defendants admit that Stevens sent the U.S. Department of Commerce an email on July 19, 2018, seeking information about her October 2017 appeals. Defendants admit that the Commerce Department did not respond to the email. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32; accordingly, they are denied.

33. **Complaint:** 301 days have elapsed since Stevens submitted her appeal and her request has not been fulfilled. This is 271 days past the FOIA appeals deadline.

**Response:** Deny.

**C. BIS FOIA Case No. DOC-BIS-2017-001365, Appendices to BIS Annual Reports "Offsets in Defense Trade"**

34. **Complaint:** On June 13, 2017, Stevens submitted a FOIA request for the following:

> A copy of all appendices to BIS annual reports "Offsets in Defense Trade" that have been withheld from public release. The time frame for this request is 1990 to the present, up through whatever report is current at the time of litigation.

**Response:** Admit.

35. **Complaint:** On July 11, 2017, BIS sent a letter to Stevens stating that it had

completed its search for records pertaining to her request, assigned case number DOC-BIS-2017-001365, and withheld all 31 responsive pages in full, citing FOIA Exemptions (b)(3) and (b)(4).

     **Response:** Admit.

    36.   **Complaint:** On October 6, 2017, Stevens appealed by email to foiaappeals@doc.gov the agency's final response to her FOIA request, contesting the agency's grounds for a full withholding of records. DOC provided no tracking number for the appeal.

     **Response:** Defendants admit that Stevens appealed the decision relating to FOIA request number DOC-BIS-2017-001365 on October 6, 2017. Defendants deny that Stevens was not provided a tracking number for the appeal and aver that Stevens was provided the tracking number (DOC-OS-2018-000052) on October 10, 2017.

    37.   **Complaint:** On July 19, 2018, Stevens spoke with a BIS FOIA officer on the telephone and then received by email confirmation that the OGC of the DOC had received her appeal. Stevens immediately sent an email to the address the BIS FOIA officer provided and inquired about the status of her appeal. The OGC has not replied.

     **Response:** Defendants admit that Stevens sent the U.S. Department of Commerce an email on July 19, 2018, seeking information about her October 2017 appeal. Defendants admit that the Commerce Department did not respond to the email. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37; accordingly, they are denied.

    38.   **Complaint:** 301 days have elapsed since Stevens submitted her appeal and her request has not been fulfilled. This is 271 days past the FOIA appeals deadline.

     **Response:** Deny.

**D.**     **BIS FOIA Case No. DOC-BIS-2017-001366, Data Entry Protocols Used for the Production of the "Offsets on Defense Trade" Reports**

39.     **Complaint:**   On June 13, 2017, Stevens submitted a FOIA request for the following:

> 1)  All manuals, handbooks, and software instructions for data entry used by BIS employees for the production of the annual reports "Offsets on Defense Trade," from 1990 to present.  2) All reports, policies, protocols, and any other documents or information on which BIS staff rely for redacting or withholding documents or information responsive to requests under the Freedom of Information Act.

**Response:**  Admit.

40.     **Complaint:**   On July 11, 2017, BIS sent a letter to Stevens stating that it had completed its search for records pertaining to her request, which was assigned tracking number DOC-BIS- 2017-001366, and had located 31 pages of responsive records. The agency released 10 pages redacted in full and 4 pages redacted in part, citing FOIA Exemptions (b)(5) and (b)(6).  BIS released 17 pages unredacted.

**Response:**  Admit.

41.     **Complaint:**     On October 6, 2017, Stevens appealed via email to foiaappeals@doc.gov the BIS final response to request DOC-BIS-2017-001366. Stevens received no tracking number for the appeal.

**Response:**  Defendants admit that Stevens appealed the decision relating to FOIA request number DOC-BIS-2017-001366 on October 6, 2017.  Defendants deny that Stevens was not provided a tracking number for the appeal and aver that Stevens was provided the tracking number (DOC-OS-2018-000053) on October 10, 2017.

42.     **Complaint:**  On July 19, 2018, Stevens sent an email to the OGC of the DOC to

inquire about the status of her appeal and to obtain tracking information for the appeal. The OGC has not replied.

>**Response:** Admit.

43.    **Complaint:** 301 days have elapsed since Stevens submitted her appeal and her request has not been fulfilled. This is 271 days past the FOIA appeals deadline.

>**Response:** Deny.

### Requests for Information of Department of Health and Human Services, Administration for Children and Families

44.    **Complaint:** The Department of Health and Human Services' ("HHS") Administration for Children and Families ("ACF") operates the Office of Refugee Resettlement ("ORR"). The ORR operates the Unaccompanied Alien Children Program ("UACP"), which takes unaccompanied minors alleged to be entering the country without authorization into custody. The Department of Homeland Security ("DHS") turns migrant children over to HHS custody after they are apprehended at the border. HHS is the office responsible for the management of detained migrant children and their records while in government custody.

>**Response:** Admit.

45.    **Complaint:** Among the ORR's responsibilities under the UACP is "Developing procedures for age determinations and conducting these determinations along with [the Department of Homeland Security and Immigration and Customs and Enforcement]" to determine if a detainee should be placed in juvenile or adult detention.

>**Response:** Admit.

46.    **Complaint:** The ORR and Immigration and Customs Enforcement ("ICE") have begun to rely more heavily upon physical exams to determine the ages of migrant minors rather

14

than reviewing birth certificates or other documents and records, in apparent violation of both ORR and ICE policy.

> **Response:** Deny.

47.    **Complaint:** Among these physical exams are the scientifically dubious methods of Professor David R. Senn, who uses analyses of dental X-rays to produce findings of the ages of migrant children in government custody, per contractual arrangement.

> **Response:** Defendants admit that HHS ordered a radiograph of a person in its care that was performed by Dr. Senn on at least one occasion. Defendants deny the remaining allegations in paragraph 47.

48.    **Complaint:** Errors in these reassignments have been found and HHS has come under scrutiny.

> **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48, in particular, the "reassignments" referenced in the paragraph; accordingly, the allegations are denied.

49.    **Complaint:** Southwest Key Programs, a Texas-based nonprofit organization, contracts with HHS to warehouse minor immigrants in ORR custody.

> **Response:** Defendants admit that HHS contracts with Southwest Key Programs to provide care for migrant children in ORR custody. Defendants deny the remaining allegations in paragraph 49.

50.    **Complaint:** HHS has awarded Southwest Keys $504 million in federal contracts to harbor detainee children since the beginning of FY 2018. The government expects to spend $943 million in 2018 on detention center for children.

15

**Response:** Admit.

51. **Complaint:** Southwest Key has come under heavy public scrutiny for the poor conditions within its facilities and its strict policies, which require children to clean bathrooms and bar them from touching one another.

**Response:** Deny.

52. **Complaint:** On information and belief, Southwest Keys is soliciting the age assessments from Professor David R. Senn per its government contracts.

**Response:** Deny.

E. **HHS FOIA Case No. 18-F-0210, Correspondence with David Senn and ICE Practices for Age Assessments**

53. **Complaint:** On May 7, 2018, Stevens submitted a FOIA request for the following:

> All contracts, invoices, email, work products, draft and final reports, system records, and screen shots of tabs for system records containing materials received, produced, or maintained by HHS and its components, including but not limited to the Office of Refugee Resettlement and its contractors and subcontractors for work requested, performed, OR discussed in any medium with Professor David R. Senn or his representatives between January 1, 2016, and the date your office produces the responsive records.

> All correspondence, including but not limited to email and text messages, with employees of Immigration and Customs Enforcement or Customs and Border Protection or its components related to policies, protocols, and practices for assessing the age of those in the custody of HHS or ICE in the United States between January 1, 2016, and the date your offices produces responsive records.

**Response:** Admit.

54. **Complaint:** Stevens stated that some of these responsive requests may be protected under the 5 U.S.C. 552A, the Privacy Act, and stipulated that any identifying information

16

could be redacted.

> **Response:** Admit.

55. **Complaint:** On May 11, 2018, HHS-ACF sent two emails informing Stevens that her FOIA request numbered 18-F-0210 had been received and had been "Assigned for Processing."

> **Response:** Admit.

56. **Complaint:** On June 22, Stevens contacted a FOIA officer by voicemail and by email asking for a status update. The FOIA officer stated that no documents had been provided by the ORR and indicated she would follow up.

> **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56; accordingly, they are denied.

57. **Complaint:** 93 days have elapsed since the request was sent. This is 63 days past the 30 day deadline imposed by the FOIA.

> **Response:** Deny.

**F.     HHS FOIA Case No. 18-F-0210, HHS ORR Contracts with Southwest Key Programs for Age Assessments**

58. **Complaint:** On May 7, 2018, Stevens submitted a FOIA request for the following:

> All contracts, addenda, attachments and other materials produced or received by HHS Office of Refugee Resettlement to which Southwest Key has committed for the performance of age assessments, as indicated in the protocols indicated here: (hps://www.acf.hhs.gov/orr/resource/children-entering-the-united-states- unaccompanied-secon-1#1.62).
>
> All invoices or other records maintained or submitted by Southwest Key for documenting expenditures for providing age assessments to HHS or its components, including but not limited to the Office of Refugee Resettlement. I am requesting these for work performed

17

between January 1, 2016 and the present.

**Response:** Admit.

59.    **Complaint:** Stevens acknowledged that some of these responsive requests may be protected under the 5 U.S.C. 552A, the Privacy Act, and stipulated that any identifying information would be redacted.

**Response:** Admit.

60.    **Complaint:** On May 11, 2018, HHS-ACF informed Stevens by two emails that her FOIA request numbered l 8-F-0211 had been received and had been "Assigned for Processing."

**Response:** Admit.

61.    **Complaint:** On June 22, Stevens contacted the HHS by voicemail and by email asking for a status update. The FOIA officer stated that no documents had been provided by the ORR to the FOIA office and stated she would follow up.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61; accordingly, they are denied.

62.    **Complaint:** 93 days have elapsed since the request was sent and her request has not been fulfilled. This is 63 days past the 30 day deadline imposed by the FOIA.

**Response:** Deny.

**Requests for Information of Department of Homeland Security**

G.    **CBP FOIA Case No. CBP-2018-068519, Request for Records For Jennifer Marenette**

63.    **Complaint:** On July 3, 2018, Stevens submitted a FOIA request for the following:

All communications from January 1, 1986 to the present pertaining to Jennifer Marenette, a.k.a. Jennifer Thomes, who appears to be a U.S.citizen. Ms. Marenette was born in Germany on [REDACTED], and acquired U.S. citizenship at birth from her birth father. She was

18

> assigned the alien number 039-202-154. Additionally, I request copies of all documents submitted by applicants and petitioners for Ms. Marenette's I-94 application.

**Response:** Defendants admit that Stevens submitted a FOIA request to U.S. Customs and Border Protection ("CBP") on July 3, 2018. Defendants deny that paragraph 63 completely and accurately quotes Stevens's July 2018 FOIA request to CBP.

64. **Complaint:** CBP sent Stevens an auto-confirmation of receipt of her request when it was submitted and assigned the request tracking number CBP-2018-068519.

**Response:** Admit.

65. **Complaint:** On Aug. 2, 2018 the tracking system stated the request status was "Assignment," its Final Disposition was "Undetermined," and the request's estimated delivery date was Aug. 22, 2018 - 19 days past the statutory deadline.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65; accordingly, they are denied.

66. **Complaint:** 36 days have elapsed since the request was sent and her request has not been fulfilled. This is 6 days past the 30 day deadline imposed by the FOIA.

**Response:** Deny.

**H.    ICE FOIA Case No. 2018-ICFO-25710, PLAnet Records of Claims to United States Citizenship**

67. **Complaint:** On March 8, 2018, Stevens submitted a FOIA request for the following:

> All documents uploaded to the PLAnet case management system since January 1, 2016 regarding persons claiming or proving U.S. citizenship. This includes, but is not limited to, memoranda on claims of U.S. citizenship and all related items (including but not limited to notes and screenshots of database interfaces), and any and

19

all information entered in the "USC Claims" section of PLAnet, as well as screenshots of all tabs for PLAnet users who access information on USC claims.

**Response:** Admit.

68.     **Complaint:** On March 23, 2018, ICE sent an email assigning the request the tracking number 2018-ICF0-25719. The agency asserted she had requested personal information and therefore it could not complete her request.

**Response:** Admit.

69.     **Complaint:** On March 23, 2018, Stevens by email pointed out that the agency could send her individual-level information with names redacted.

**Response:** Defendants admit that Stevens emailed ICE on March 23, 2018, about her FOIA request suggesting that the agency send her individual-level information with names redacted.

70.     **Complaint:** On March 23, 2018, ICE sent another email to Stevens, informing her that the agency would process her request as submitted.

**Response:** Defendants admit that ICE sent Stevens an email on March 23, 2018, stating that the agency would process her request. Defendants deny the remaining allegations in paragraph 70.

71.     **Complaint:** On June 4, 2018, as part of its pattern and practice of withholding the vast majority of information responsive to a request, ICE produced a 36-page pdf with undated information on approximately 2,300 distinct hearings. Responsive documents were withheld without a legal basis or explanation, including the factual narratives for these cases. If the ICE production is not in error, the agency has failed to produce factual narratives associated with

almost 2,300 claims of *U.S. citizenship* made by people in deportation proceedings since January 1, 2016.

**Response:** Defendants admit that ICE responded to Stevens's FOIA request on June 1, 2018, and produced 36 pages of responsive documents. Defendants deny the remaining allegations in paragraph 71.

72. **Complaint:** The government admits that it is unlawful to detain U.S. citizens under immigration law. The information from this partial release reveals the highest number of U.S. citizenship claims by respondents in immigration courts acknowledged to date by any branch of the U.S. government. Media coverage of this problem demonstrates there is a great deal of public interest in a full and timely release of this information.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72; accordingly, they are denied.

73. **Complaint:** On July 23, 2018, Stevens sent an appeal of the final response to 2018-ICF0- 25719. Tracking information for a Certificate of Delivery indicates that the appeal arrived at the ICE FOIA Office on July 30. The appeal pointed out that the PDF produced had no dates and was missing fields with responsive information, and that ICE simply ignored legal requests for additional information it maintains, including on information and belief thousands of pages accessible via the PLAnet database.

**Response:** Defendants admit that ICE received Stevens's appeal of the final response to 2018-ICF0- 25719 on August 3, 2018, and that the appeal was assigned case number 2018-ICAP-00397. Defendants admit that paragraph 73 summarizes some of assertions Stevens made in the appeal. Defendants lack knowledge or information sufficient to form a belief about

21

the truth of the remaining allegations in paragraph 73; accordingly, they are denied.

74.     **Complaint:**  Although the administrative appeal is not technically exhausted, Plaintiff is including this FOIA case because ICE here and in previous responses is engaging in a pattern and practice of deliberately excluding hundreds of pages of responsive materials and captioning the productions as "final response"-s and not "partial responses," the latter of which is the legally accurate definition of these productions.  The mislabeling is for a purpose that is legally impermissible under the FOIA, that is, to burden the Plaintiff to delaying production of responsive information.

**Response:**  Defendants admit that Stevens did not exhaust her administrative appeal as of the filing of her complaint in this case.  Defendants deny the remaining allegations in paragraph 74.

**I.      ICE FOIA Case No. 2018-ICFO-26000, Private Contractor Use of Detainee Labor**

75.     **Complaint:**  On March 16, 2018, Stevens submitted a FOIA request for the following:

> All material received, produced, referred to, or maintained since January 1, 2016 by Immigration and Customs Enforcement and its components related to the use of detainee labor by private contractors. This includes but is not limited to system records, contracts, including memorandums of understanding and addenda, letters, memoranda, reports, draft reports, policy proposals, notes, text messages, faxes, and email that is intra- and inter-agency as well as all communications with private lobbyists, firms, individuals, journalists, and members of Congress. Please include screenshots of interfaces used by ICE employees accessing responsive materials from databases.

**Response:**  Admit.

76.     **Complaint:**  On March 27, 2018, ICE sent an email informing Stevens that her

FOIA request numbered 2018-ICF0-26000 had been received, but ICE deemed it too broad in scope, claiming the request "did not specifically identify the records which you are seeking, or only posed questions to the agency." As such, her request for records was denied.

>    **Response:** Admit.

77.    **Complaint:** On March 27, 2018, Stevens submitted an appeal to contest the "final response" for 2018-ICF0-26000.

>    **Response:** Defendants admit that ICE received Stevens's appeal for 2018-ICF0-26000 on April 9, 2018. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 77; accordingly, they are denied.

78.    **Complaint:** On May 7, 2018, the Office of the Principal Legal Advisor ("OPLA") sent a letter to Stevens stating that it had remanded her request to the ICE FOIA office for processing and re-tasking. OPLA assigned her appeal the tracking number 2018-ICAP-00236.

>    **Response:** Admit.

79.    **Complaint:** 88 days have elapsed since her appeal was accepted and the original request remanded. This is 53 days past the 30 day deadline imposed by the FOIA.

>    **Response:** Deny.

80.    **Complaint:** The refusal of ICE to initially process Stevens' legally valid request and thus force her to file an appeal is part of a pattern and practice of that office violating the FOIA.

>    **Response:** Deny.

**J.**    **ICE FOIA Case No. 2018-ICFO-34217, Request for Records for Ramatu Kiadii-Soko**

81.    **Complaint:** On May 4, 2018, Stevens submitted a FOIA/PA request for the

following:

> All system records and other items maintained, produced, or distributed by ICE pertaining to Ramatu Kiadii Sako. His "alien number" is 097-421-333 . He was born in Liberia. His date of birth is [REDACTED]. I am interested in all system records pertaining to Mr. Kiadii Sako and all ICE correspondence with other government agencies, individuals, or attorneys pertaining to him as well. Please include as well: (1) All records of all grievances filed by Mr. Herrera-Diego orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted; (2) Commissary account data, including but not limited to information tracking funds reimbursed to him on his release; (3) All correspondence, notes, and other records pertaining to his assertion of U.S. citizenship.

> **Response:** Admit.

82. **Complaint:** Reference in the request to "Mr. Herrera-Diego" was made in error.

> **Response:** Admit.

83. **Complaint:** On May 8, 2018, ICE sent an email assigning the request the tracking number 2018-ICF0-34217.

> **Response:** Defendants admit that ICE sent Stevens an email on May 4, 2018, assigning the request tracking number 2018-ICFO-34217.

84. **Complaint:** On August 2, the ICE FOIA Request Tracking System stated the request status was "Request for Docs Sent" and the request's estimated delivery date was August 20, 2018-47 days past the statutory deadline.

> **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84; accordingly, they are denied.

85. **Complaint:** 100 days have elapsed since the request was received and no responsive records have been produced, which is 70 days past the 30 day deadline imposed by the

24

FOIA.

      **Response:** Deny.

**K.**    **ICE FOIA Case No. 2018-ICFO-34225, Request for Records for Manuel Herrera-Diego**

86.    **Complaint:** On May 4, 2018, Stevens submitted a FOIA request for the following:

> All system records and other items maintained, produced, or distributed by ICE pertaining to Manuel A. Herrera Diego. His "alien number" 021-178-645. He was born in Honduras. His date of birth is [REDACTED]. I am interested in all system records pertaining to Mr. Herrera-Diego and all ICE correspondence with other government agencies, individuals, or attorneys pertaining to Mr. Herrera-Diego. Please include as well: (1) All records of all grievances filed by Mr. Herrera-Diego orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted; (2) Commissary account data, including but not limited to information tracking funds reimbursed to him on his release; (3) All correspondence, notes, and other records pertaining to his assertion of U.S. citizenship.

      **Response:** Admit.

87.    **Complaint:** In her original request, Stevens also wrote: "Please note that prior responses to similar requests have been incomplete and in violation of the FOIA. If your response does not include all of the records indicated below it is in violation of the law to represent it as a 'final response.'"

      **Response:** Admit.

88.    **Complaint:** On May 8, 2018, ICE sent an email assigning the request the tracking number 2018-ICF0-34225.

      **Response:** Admit.

89.   **Complaint:**  On May 22, 2018, ICE sent its final response to Stevens, stating it had located 6 pages of responsive documents related to her request and withheld portions of the 6 pages of information under Privacy Act Exemption (k)(2) and FOIA Exemptions 6, 7(C), and 7(E). Based on information from past responses to similar requests during the administration of President Barack Obama, the responsive documents should total well over 100 pages.

   **Response:**  Defendants admit that ICE provided a response to Stevens's FOIA request on May 22, 2018, and produced six pages of responsive documents, portions of which ICE withheld in accordance with the Privacy Act and/or FOIA.  Defendants deny the remaining allegations in paragraph 89.

90.   **Complaint:**  On July 30, 2018, Stevens sent an appeal to the agency, stating that ICE had failed to provide "all system records" and other information properly requested, including screenshots of record systems consulted.

   **Response:**  Defendants admit that ICE received Stevens's appeal for 2018-ICF0-34225 on August 6, 2018, and that the appeal claimed that ICE had failed to provide system records and other information.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 90; accordingly, they are denied.

91.   **Complaint:**  The refusal of ICE to initially process Stevens' legally valid request and thus force her to file an appeal is part of a pattern and practice of the agency's violations of the FOIA.

   **Response:**  Deny.

**L.   ICE FOIA Case No. 2018-ICFO-36215, Request for Records for Godfrey Arthur**

92.   **Complaint:**   On May 15, 2018, Stevens submitted a FOIA/PA request for the

following:

> All system records and other items maintained, produced, or distributed by ICE pertaining to Arthur Godfrey. His "alien number" 031-447-509. He was born in Guyana. His date of birth is [REDACTED]. I am interested in all system records pertaining to Arthur Godfrey and all ICE correspondence with other government agencies, individuals, or attorneys pertaining to him as well. Please include as well: (1) All records of all grievances filed by Mr. Godfrey orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted; (2) Commissary account data, including but not limited to inf01mation tracking funds reimbursed to him on his release; (3) All correspondence, notes, and other records pertaining to his assertion of U.S. citizenship; (4) Screen shots of all tabs for interfaces to databases consulted for responsive records, including but not limited to PLAnet.

**Response:** Admit.

93.    **Complaint:** In her original request, Stevens also noted the follow:

> Please note that prior responses to similar requests have been incomplete and in violation of the FOIA. If the final response does not include all of the records indicated below it is in violation of the law to represent it as a "final response." If you are a FOIA agent reviewing this, then I would appreciate your reviewing my request with your colleagues in offices tasked for documents items that are missing when they return to you only a few pages from EARM. The purpose of the FOIA is to provide to the public timely information. The information I obtain from the government has featured in my own research, from which journalists have drawn for widely circulated stories on matters of obvious public interest, especially ICE detaining and deporting U.S. citizens.

**Response:** Admit.

94.    **Complaint:** On May 17, 2018, ICE sent an email assigning the request the tracking number 2018-ICF0-36215.

**Response:** Admit.

95.    **Complaint:** On June 4, 2018, ICE sent its final response to Stevens, stating it had

located 6 pages of responsive documents related to her request and withheld portions of the 6 pages of information under Privacy Act Exemption (k)(2) and FOIA Exemptions 6, 7(C), and 7(E).

**Response:** Defendants admit that ICE provided a response to Stevens's FOIA request on June 5, 2018, and that it produced four pages of responsive documents, portions of which were withheld in accordance with the Privacy Act and/or FOIA. Defendants deny the remaining allegations in paragraph 95.

96. **Complaint:** On July 30, 2018, Stevens wrote to appeal the agency's decision, stating in part that DHS-ICE had failed to provide "all system records."

**Response:** Defendants admit that ICE received Stevens's appeal for 2018-ICF0-36215 on August 6, 2018, and that the appeal claimed that ICE had failed to provide system records. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 96; accordingly, they are denied.

**M. ICE FOIA Case No. 2018-ICFO-46983, Infectious Disease at Polk County Jail**

97. **Complaint:** On June 22, 2018, Stevens submitted a FOIA request by email for the following "items associated with the discovery and response to infectious diseases among detainees held under immigration laws at the Polk County Jail" within the time frame January 1, 2018 to the present:

> 1) Medical reports on the presence of tuberculosis, small pox, chicken pox, or other infectious diseases in the Polk County ICE contracted facility in any medium, including but not limited to formal findings; email, text messages, FAXes, notes, contracts for health care, and reports on individual treatment (with private information redacted);
>
> 2) Quarantine protocols;
>
> 3) Reports, email, memorandums, and all other communications to

and from the Centers for Disease Control produced, received, or maintained by ICE or its agents; and

4)   Reports, email, memorandums, and all other communications to and from Texas health or medical authorities produced, received, or maintained by ICE or its agents.

**Response:**  Admit.

98.   **Complaint:**  On July 2, 2018, ICE sent an email assigning the request the tracking number 2018-ICF0-46983.

**Response:**  Admit.

99.   **Complaint:**  On August 6, 2018, the ICE FOIA Request Tracking System indicated for request 2018-ICF0-46983 the status was "Request for Docs Sent" and the request's estimated delivery date was July 28, 2018- 6 days past the statutory deadline.  No documents were sent on July 28.

**Response:**  Defendants admit that ICE did not send any documents to Stevens on July 28, 2018, in response to request 2018-ICF0-46983.   Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 99; accordingly, they are denied.

100.   **Complaint:**  47 days have elapsed since the request was sent and her request has not been fulfilled. This is 17 days past the 30 day deadline imposed by the FOIA.

**Response:**  Deny.

**N.   ICE FOIA Case No. 2018-ICFO-46999, New ICE Facility at Conroe**

101.   **Complaint:**  On June 22, 2018, Stevens submitted a FOIA request by email for the following "items associated with the new ICE detention facility in Comoe, Texas":

1)   The Request for Proposals, including all questions and answers,

29

attachments, and correspondence;

2)    All bids, including attachments and related correspondence;

3)    The contract with GEO, including but not limited to the Scope of Work, performance evaluation standards, and all details for the detainee work program;

4)    All communications about the logistics of relocating detainees currently held in other locations to the new GEO facility;

5)    All correspondence to and from OPLA about the opening of the new facility in Conroe;

6)    All correspondence to and from OPLA about the closing of facilities in the region, including but not limited to Polk County;

7)    All communications between ICE acquisitions officers or other ICE officials and officials of Polk County;

8)    All communications with GEO and its subcontractors about the design and building of the new facility, including but not limited to land purchases.

**Response:**  Admit.

102.    **Complaint:**  On July 2, 2018, ICE sent an email assigning the request the tracking number 2018-ICF0-46999.

**Response:**  Admit.

103.    **Complaint:**  On July 26, 2018, a research assistant ("RA") at the Deportation Research Clinic sent an email to the ICE FOIA office to inquire about the status of the request. As of August 8, 2018, the FOIA office has not replied.

**Response:**  Admit.

104.    **Complaint:**  47 days have elapsed since the request was sent and her request has not been fulfilled.  This is 17 days past the 30 day deadline imposed by the FOIA.

**Response:** Deny.

**O.     ICE FOIA Case No. 2018-ICFO-47097, Grievance Logs at Polk (Jan. 1, 2018 to present)**

105.     **Complaint:** On June 22, 2018, Stevens submitted a FOIA request for the following:

> All records pertaining to grievances submitted by those in ICE custody to ICE or Polk County officials or agents acting on their behalf, including but not limited to Contract Inspectors evaluating Polk County performance from January 1, 2018 to present.

**Response:** Admit.

106.     **Complaint:** On July 3, 2018, ICE sent an email assigning the request the tracking number 2018-ICF0-46097.

**Response:** Defendants admit that ICE responded to Stevens's FOIA request on July 2, 2018, not July 3, 2018. Defendants admit the remaining allegations in paragraph 106.

107.     **Complaint:** On July 26, 2018, an RA at the Deportation Research Clinic sent an email to the ICE FOIA office to inquire about the status of the request. The FOIA office has not replied to this email.

**Response:** Defendants admit that the ICE FOIA office received an email on July 26, 2018, inquiring about the status of the request. Defendants deny the remaining allegations in paragraph 107.

108.     **Complaint:** 47 days have elapsed since the request was sent and her request has not been fulfilled. This is 17 days past the 30 day deadline imposed by the FOIA.

**Response:** Deny.

31

**P.**     **ICE FOIA Case No. 2018-ICFO-47101, Grievance Logs at Polk (Jan. 1, 2016 to Dec. 31, 2017)**

109.     **Complaint:** On June 22, 2018, Stevens submitted a FOIA request for the following:

> All records pertaining to grievances submitted by those in ICE custody to ICE or Polk County officials or agents acting on their behalf, including but not limited to Contract Inspectors evaluating Polk County performance from January 1, 2016 to December 31, 2017.

    **Response:** Admit.

110.     **Complaint:** On July 2, 2018, ICE sent an email assigning the request the tracking number 2018-ICF0-47101.

    **Response:** Admit.

111.     **Complaint:** On July 26, 2018, an RA at the Deportation Research Clinic sent an email to the ICE FOIA office to inquire about the status of the request. The FOIA office has not replied to this email.

    **Response:** Defendants admit that the ICE FOIA office received an email on July 26, 2018, inquiring about the status of the request. Defendants deny the remaining allegations in paragraph 111.

112.     **Complaint:** 47 days have elapsed since the request was sent and her request has not been fulfilled. This is 17 days past the 30 day deadline imposed by the FOIA.

    **Response:** Deny.

**Q.**     **ICE FOIA Case No. 2018-ICFO-50378, Request for Records for Jennifer Marenette**

113.     **Complaint:** On July 3, 2018, Stevens submitted a FOI/PA request for the following:

All system records and other items maintained, produced, or distributed by ICE pertaining to Jennifer Marenette, "alien number" 039-202-154, place of birth Germany, date of birth is [redacted by Plaintiff]. I am interested in all system records pertaining to Ms. Marenette and all ICE correspondence with other government agencies, individuals, or attorneys pertaining to Marenette as well. Please include as well: (1) All correspondence to and from all ICE employees, including ICE officers assigned to supervise the parole and custody determinations for Ms. Marenette, who was authorized by ICE agents to stop reporting to ICE after employees credited her evidence of U.S. citizenship; (2) All correspondence, notes, and other records, findings, and analysis pertaining to assertions or findings of U.S. citizenship; (3) Screen shots of all tabs for interfaces to databases consulted for responsive records, including but not limited to PLAnet.

**Response:** Admit.

114. **Complaint:** On July 18, 2018, ICE sent an email assigning the request the tracking number 2018-ICF0-50378.

**Response:** Admit.

115. **Complaint:** 50 days have elapsed since the request was submitted by e-mail and no responsive records have been produced. This is 20 days past the 30 day deadline imposed by the FOIA.

**Response:** Deny.

**R.** **USCIS FOIA Case No. COW2018000623, Northwestern University E-Verify Data**

116. **Complaint:** On May 18, 2018, Stevens submitted a FOIA request for the following:

(1) All information in any form from Northwestern University, Evanston, IL used for registering, reviewing, and renewing E-Verify for employees at Northwestern University between January 1, 2008 and the present with the exception of individual-level data entered in the system. This includes but is not limited to email, submission forms, and data submitted online. (2) All email between

33

> Northwestern employees or agents of Northwestern pertaining to E-Verify, including all attachments, linked documents, and referenced documents. This includes email related to specific personnel, with the understanding that names and other identifying information will be redacted.

**Response:** Admit.

117. **Complaint:** According to the USCIS online FOIA request tracking system, the USCIS FOIA office received the request on May 21, 2018.

**Response:** Admit.

118. **Complaint:** On July 27, 2018, an RA at the Deportation Research Clinic called the USCIS FOIA Office to inquire about the status of this request. A FOIA officer stated that no responsive documents were under the control of the FOIA office at the time of the call and that the estimated time of completion for the request was three to seven months. No special circumstances for the delay were indicated.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118; accordingly, they are denied.

119. **Complaint:** 82 days have elapsed since the request was sent and no responsive records have been produced. This is 52 days past the 30 day deadline established by the FOIA.

**Response:** Deny.

**S.     USCIS FOIA Case No. COW2018000625, Universities Providing E-Verify Information to USCIS**

120. **Complaint:** On May 18, 2018, Stevens submitted a FOIA request for the following:

> The names of all universities and colleges that are providing information to USCIS E-Verify for all employees and not just those employees. Please note that USCIS maintains a database of

34

> organizations with federal contracts whose employees must submit
> personal data to E-Verify by law, although universities are exempted
> from this obligation for workers who are not directly paid by a
> federal contract. I am seeking a list of all those universities that
> ARE SUBMITTING DATA TOE-VERIFY FOR ALL
> EMPLOYEES since January 1, 2008. There is no need to create
> information but rather I am requesting that you produce for me all
> compliance data for Universities that submit E-Verify forms for all
> employees.

**Response:** Admit.

121. **Complaint:** On May 23, 2018, USCIS sent a letter informing Stevens that her FOIA request numbered COW2018000625 had been received.

**Response:** Admit.

122. **Complaint:** On June 8, 2018, USCIS Government Information Specialist sent an email message to Stevens directing her to a page on the E-Verify website (https://www.e-verify.gov/about-e-verify/e-verify-data/participating-employers) with information he stated fulfilled her request.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122, in particular, the identity of the USCIS employee with whom Stevens purportedly communicated; accordingly, the allegations are denied.

123. **Complaint:** On June 8, 2018, Stevens replied to the FOIA agent's email, stating the link he provided to her was not responsive to her request for records. She clarified:

> You sent me a list of all institutions with federal contracts that use
> E-Verify for these contracts. There is going to be a separate and
> much smaller list of these institutions that have these contracts and
> also use E-Verify for all new employees throughout the institution.
> This list is what is responsive to my request.

**Response:** Defendants lack knowledge or information sufficient to form a belief

about the truth of the allegations in paragraph 123; accordingly, they are denied.

124.    **Complaint:**  On July 27, 2018, an RA at the Deportation Research Clinic called the USCIS FOIA Office to inquire about the status of this request.  A FOIA officer told the RA that no responsive documents were under the control of the FOIA office at the time of the call and that the estimated time of completion for the request was three to seven months.  No special circumstances were indicated as the cause of the delay.

**Response:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124; accordingly, they are denied.

125.    **Complaint:**  82 days have elapsed since the request was sent and no responsive records have been produced.  This is 52 days past the 30 day deadline imposed by the FOIA.

**Response:**  Deny.

**T.    USCIS FOIA Case No. NRC2018074108, Request for Records for Manuel Herrera-Diego**

126.    **Complaint:**  On May 4, 2018, Stevens submitted a FOIA request for the following:

> All system records and all other materials in any medium received or distributed by USCIS pertaining to Manuel A. Herrera-Diego. His date of birth is [REDACTED]. His "alien number" is 021-178-645. His country of birth is Honduras.  Please include all CBP records under your control, including but not limited to I-94 forms and associated documentation.

**Response:**  Admit.

127.    **Complaint:**  On May 18, 2018, DHS-USCIS sent a letter informing Stevens that her FOIA request numbered NRC2018074108 had been received for processing.

**Response:**  Admit.

128.    **Complaint:**  An RA checked the status of the request using the USCIS FOIA

36

request online tracking system on Aug. 1, 2018.  The system stated, "Your request is currently number 25410 of 40651 pending requests in Track Two."

>**Response:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128; accordingly, they are denied.

129.  **Complaint:**  On Aug. 1, 2018, an RA at the Deportation Research Clinic called the USCIS FOIA office.  The officer stated that the request is number 25,466 out of 49,888 in the queue, and it has not been reviewed.  The RA asked if any documents had been received from any components, and the FOIA officer said that none had been received.  No special circumstances for the delay were indicated.

>**Response:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129; accordingly, they are denied.

130.  **Complaint:**  96 days have elapsed since the request was sent and no responsive records have been produced.  This is 66 days past the 30 day deadline imposed by the FOIA.

>**Response:**  Deny.

**U.  USCIS FOIA Case No. NRC2018074187, Request for Records for Ramatu Kiadii-Soko**

131.  **Complaint:**  On May 4, 2018, Stevens submitted a FOIA request for the following:

>All system records and all other materials in any medium received or distributed by USCIS pertaining to Ramatu Kiadii Soko.  His date of birth is [REDACTED]. His "alien number" is 097-421-333.  His country of birth is Liberia.  Please include all CBP records under your control, including but not limited to I-94 forms and associated documentation.

>**Response:**  Admit.

132.  **Complaint:**  On May 18, 2018, USCIS sent Stevens a letter notifying her that her

request had been assigned case number NRC201807418.

>    **Response:** Admit.

133. **Complaint:** 96 days have elapsed since the request was sent and no responsive records have been produced, which is 66 days past the 30 day deadline imposed by the FOIA.

>    **Response:** Deny.

## V. USCIS FOIA Case No. NRC2018079441, Request for Records for Arthur Godfrey

134. **Complaint:** On May 4, 2018, Stevens submitted a FOIA request for the following:

> All system records and all other materials in any medium received or distributed by USCIS pertaining to Arthur Godfrey. His date of birth is [REDACTED]. His "alien number" is 031-447-509. His country of birth is Guyana. Please include all CBP records under your control, including but not limited to I-94 forms and associated documentation needed for his legal entrance into the United States.

>    **Response:** Admit.

135. **Complaint:** As of Aug. 8, 2018, USCIS did not send Stevens a notice of receipt or tracking information for the request.

>    **Response:** Deny.

136. **Complaint:** On Aug. 1, 2018, an RA at the Deportation Research Clinic called the USCIS FOIA office. A FOIA officer provided the RA with the request's tracking number, NRC2018079441. He stated that an acknowledgement letter was sent on May 31, 2018. He stated that the request is number 28,543 out of 49,888 in the queue, and it has not been reviewed. The RA asked if any documents had been received from any components, and the FOIA officer said that none had been received. He did not state any special circumstances for the delay.

>    **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136; accordingly, they are denied.

137.   **Complaint:**  96 days have elapsed since the request was sent and no responsive records have been produced.  This is 66 days past the 30 day deadline imposed by the FOIA.

**Response:**  Deny.

**W.   USCIS No. Tracking Number, General Dynamics Contract**

138.   **Complaint:**   On May 22, 2018, Stevens submitted a FOIA request for the following:

> The initial Scope of Work, attachments, renewals, and email associated with the contract to General Dynamics with Award ID HSSCCG07J00120 and IDV HSHQDC06D00024, with additional details available.
> Here:https://www.fpds.gov/common/jsp/LaunchWebPage.jsp?command=execute&requ estid=87789429&version=l .5

**Response:**  Admit.

139.   **Complaint:**   On May 22, 2018, USCIS sent Stevens an auto-confirmation of receipt, but did not assign her request a tracking number.  On August 7, 2018, in response to further inquiry, a FOIA officer indicated that USCIS was in receipt of the request.   No special circumstances were indicated for the delay or the failure to produce a tracking number or estimated date for producing responsive documents.

**Response:**   Defendants aver that USCIS assigned the request tracking number CNT2018000017.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 139; accordingly, they are denied.

140.   **Complaint:**   76 days have elapsed since the request was sent and no responsive records have been produced.  This is 46 days past the 30 day deadline imposed by the FOIA.

**Response:**  Deny.

**Request for Information of Department of the Interior,**
**United States Geological Survey**

**X.    USGS FOIA Case No. 2018-00160, Request About Northwestern University Contracts with Award ID: 140G0118P0244**

141.    **Complaint:**  On May 22, 2018, Stevens submitted a FOIA request for:

> All contracts, MOUs, email, and attachments to email or contracts, and all other materials related to the contract between Northwestern University and the USGS associated with the AwardID: 140G0118P0244. Please go here for related information: https://www.fpds.gov/common/jsp/LaunchWebPage.jsp?command =execute&requ estid=87791893&version=l.5. I am requesting also the Scope of Work and similar documents defining the service expected by the USGS, and all attachments, including from similar contracts from earlier time frames; finally, I am requesting all USGS materials associated with the evaluation and extensions of the contract.

> **Response:**  Admit.

142.    **Complaint:**  On July 24, 2018, the USGS FOIA office sent Stevens a "final response" to her request, assigned case number 2018-00160.

> **Response:**  Defendants admit that the USGS FOIA office responded to Stevens's FOIA request (case number 2018-00160) on July 17, 2018.  Defendants deny the remaining allegations in paragraph 142.

143.    **Complaint:**  Upon receipt by email of the "final response," Stevens called the USGS FOIA office and pointed out that a large number of responsive documents were missing, and also stated that the office had stated in error it was unable to search for contracts without the contract number.  Stevens then sent by email a link to the federal website that had the contract number information.

> **Response:**  Defendants admit that Stevens called the USGS FOIA office on or

40

about July 20, 2018, and that Stevens claimed during that call that responsive documents were missing and that the office stated in error that it was unable to search for contracts without the contract number.  Defendants admit the remaining allegations in paragraph 143.

144.   **Complaint:**  Stevens subsequently spoke by phone with USGS FOIA office supervisor.  He stated the office released the documents without comparing the release with the original request.  He apologized and stated he would contact the USGS component in South Dakota to request additional materials.  He indicated that additional responsive documents would be reviewed and released, within the criteria of the FOIA policy on exemptions and redactions.

> **Response:**  Admit.

145.   **Complaint:**  78 days have elapsed since the request was submitted.  Stevens has received no documents other than those produced on July 24 and that the agency acknowledges is incomplete.  This is 48 days past the 30 day deadline imposed by the FOIA.

> **Response:**  Deny.

### Requests for Information of Department of Justice

**Y.     DOJ FOIA Case No. DOJ-2017-006478**

146.   **Complaint:**  On August 29, 2017, Stevens submitted a FOIA request to EOIR stating she sought:

> All communications, drafts, and email associated with the release of the August 8, 217 announcement on this webpage: https://www.justice.gov/opa/pr/return-rule-law-trump-administration-marked-increase-key-immigration-statistics.  I am requesting the names and job titles of the supervisor and author of the memorandum.

> **Response:**  Defendants admit that Stevens submitted a FOIA request to EOIR on August 24, 2017.  Defendants admit the remaining allegations in paragraph 146.

41

147.    **Complaint:** On September 27, 2017, the DOJ indicated that EOIR had forwarded the request to its office, where it was assigned the tracking number DOJ-2017-006478 (PAO).

        **Response:** Admit.

148.    **Complaint:** On August 2, 2018, the FOIA Online tracking system indicated that for DOJ-2017-006478 the request's "Final Disposition" was "Undetermined" and that no responsive records had been released.

        **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148; accordingly, they are denied.

149.    **Complaint:** 346 days have elapsed since the request was sent no responsive records have been produced. This is 316 days past the 30 day deadline imposed by the FOIA.

        **Response:** Deny.

150.    **Complaint:** The request is for information on the Trump administration's case management prioritization of "completions" over other statutory obligations of the immigration courts and respondents' due process rights. The announcement indicated no author and the referral suggests that the policy arose within the DOJ and not EOIR, the agency that directly runs the immigration courts. This information is of great public interest.

        **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150; accordingly, they are denied.

**Z.    FBI FOIA Case No. 140405-000, Request for Records Northwestern University Biotechnology Development Contracts**

151.    **Complaint:** On April 23, 2018, Stevens submitted a FOIA request that stated:

> In February, 2015 a contract was awarded to Northwestern University to "DEVELOP REVOLUTIONARY BIOTECHNOLOGY FOR LOC PLATFORMS TO DETERMINE

THE EXPOSURE STATUS OF AN INDIVIDUAL TO A SUITE OF PATHOGENS AND TOXINS OF INTEREST." The associated procurement number is: DJF151200K0001730.

I write under the Freedom of Information Act to obtain: (1) a copy of the Request for Proposals associated with this procurement number, and all related attachments and communications with the public, including but not limited to interested potential contractors; (2) all draft and final proposals responsive to this RFP; (3) All materials related to an increase in the contract amount from $1,036,987 to $1,924,321, including email, new bids, and changes in technical requirements. For additional information to assist in your search for these proposals please feel free to consult: https://www.fedspending.org/fpds/fpds.php?reptype=r&database=f pds&unique_transaction_id=f7399e63941944fc4b9dlabe428c0154 &detail=3&datype=T&sortp=1.

**Response:** Admit.

152. **Complaint:** On May 3, 2018, the FBI sent Stevens a letter informing her that her FOIA request was assigned case number 1404050-000.

**Response:** Admit.

153. **Complaint:** In early August 2018, a Public Information Officer responded to a query from Plaintiff and indicated that a search had identified responsive documents and that they would be released *by 2020* (emphasis added). No special burdens were identified as justifying a delay of at least 511 days past the 30 days mandated by Congress.

**Response:** Defendants deny that "no special burdens were identified as justifying a delay of at least 511 days pas the 30 days mandated by Congress." Defendants admit the remaining allegations in paragraph 153.

154. **Complaint:** On August 3, 2018, in a further effort to procure a partial release in advance of filing, Stevens contacted the FOIA Public Liaison, Michael Seidel. By phone Seidel told Stevens the agency was very busy and the two-year estimate was based on the average amount

43

of time it takes the agency to respond to requests of this sort and her place in the queue. He stated that she was asking to jump the line. Stevens stated that she was not making this request but that she was asking the FBI to fund the FOIA office so that it could adhere to the statutory mandates set by Congress.

> **Response:** Defendants admit that Stevens contacted FOIA public liaison Michael Seidel on August 3, 2018, about her FOIA request and the agency's anticipated timeline for responding to the request. Defendants deny the remaining allegations in paragraph 154.

155.  **Complaint:** No responsive documents have been received and no special circumstances for delays were indicated.

> **Response:** Defendant deny that "no special circumstances for delays were indicated." Defendants admit the remaining allegations in paragraph 155.

## AA.  OJP FOIA Case No. 17-00208, Bureau of Justice Statistics ("BJS") Grant Management System Output Protocols for SCAAP

156.  **Complaint:** On May 11, 2017, Stevens submitted a FOIA request for:

> Protocols for the dissemination and review of data submitted to the Grant Management System by participants in the State Criminal Alien Assistance Program. In particular, I am requesting: 1) all manuals, reports, and training materials for configuring or releasing the data received by the BJS GMS for review by ICE and other components outside of BJS as well as 2) a list of all databases and agencies with which the SCAAP inmate data are shared; and finally 3) documents containing the protocols for the time frames in which the BJS data are accessible by ICE-and other agencies outside BJS. I am requesting this data for January 1, 2012 through the present.

> **Response:** Admit.

157.  **Complaint:** Stevens did not receive an acknowledgement receipt or tracking information for the request.

**Response:** Deny.

158. **Complaint:** On July 26, 2018, an RA at the Deportation Research Clinic contacted the OJP FOIA office to inquire about the status of Stevens' FOIA request. The case had been assigned to FOIA Officer. For the first time, a tracking number was provided, 17-00208. While she told the RA he was "on hold," the RA heard the officer say to a colleague, "pending number on that ... It's gone." The officer told the RA she would contact him once she had an update on the status of request.

   **Response:** Defendants admit that a person representing himself to be an RA contacted the OJP FOIA office on July 26, 2018, to inquire about the status of Stevens's FOIA request, that the OJP FOIA office provided that person with the tracking number of the request, and that the OJP FOIA office told that person that it would contact him when there was an update on the status of the request. Defendants deny the remaining allegations in paragraph 158.

159. **Complaint:** Later on July 26, 2018, the RA spoke again with the FOIA officer. She stated that she had received documents from components at the BJS and was unsure as to why the delivery of the documents had been delayed over a year.

   **Response:** Admit.

160. **Complaint:** On August 7, 2018, the RA received a call from the FOIA officer. She stated that the request had been fulfilled in part and that the response had been sent on July 31 by email. Stevens checked her email and did not find a partial response.

   **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that "Stevens checked her email and did not find a partial response"; accordingly, that allegation is denied. Defendants admit the remaining allegations in

paragraph 160.

161. **Complaint:** On August 7, 2018, OJP sent a partial response to Stevens, with a cover letter stating OJP had located 43 pages of responsive documents related to her request and released them and two web links in full. The response was only remotely responsive to Stevens' request. And much of the information was dated from a time frame well before that indicated by Stevens in her request.

**Response:** Defendants deny that OJP's response was "only remotely responsive" and that "much of the information was dated from a time frame well before that indicated by Stevens in her request." Defendants admit the remaining allegations in paragraph 161.

**Request for Information of Department of State**

**AB.    DOS FOIA Case No. F-2018-00851, Passport Management Protocols from 1993 to present**

162. **Complaint:** On Jan. 25, 2018, Stevens submitted a FOIA request for the following:

> 1) The name of databases used for managing U.S. passport applications;
>
> 2) The protocols for managing the physical materials submitted to the Los Angeles U.S. Passport office in the 1990s, i.e., manuals or handbooks for determining where application documents are stored and how they may be retrieved; and
>
> 3) Policies, handbooks, protocols, memoranda, or email with instructions on when to share records or *records requests,* including but not limited to requests under the Privacy Act or the Freedom of Information Act with the Department of Homeland Security OR the Department of Justice OR any of the agencies or components thereof.

**Response:** Admit.

46

163.   **Complaint:**  On Feb. 22, 2018, the DOS FOIA Office sent an email to Stevens asking her to clarify the time window within which the time agency should conduct its search. Stevens stated the time window should be 1993 to present.  The tracking number F-2018-00851 was written in the subject line about the request.

   **Response:**  Admit.

164.   **Complaint:**  Aside from this communication with the FOIA Office on Feb. 22, 2018, Stevens has not received an acknowledgement letter for her request.

   **Response:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 164; accordingly, they are denied.

165.   **Complaint:**  A search of the DOS FOIA Document Search and Virtual Reading Room for tracking number F-2018-00851 does not return any results.

   **Response:**  Admit.

166.   **Complaint:**  On August 7, 2018, an RA at the Deportation Research Clinic called the DOS FOIA Office to inquire about the status of this request.  The office's automated phone system told him the office was closed "due to inclement weather," and he left a voicemail message asking for a status update for the request.  The weather report on weather.com indicated 92 degrees and a six per cent chance of rain.

   **Response:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 166; accordingly, they are denied.

167.   **Complaint:**  195 days have elapsed since the request was sent and no responsive documents have been sent.  This is 165 days past the 30 day deadline imposed by the FOIA.

   **Response:**  Deny.

**Requests for Information of United States Agency for International Development**

**AC.    USAID FOIA Case No. F-00040-16, Northwestern USAID Request**

168.    **Complaint:**   On Oct. 18, 2015, Stevens submitted a FOIA request for the following:

> All contracts, reports, memoranda of understanding, grants, and email to, from, or about Northwestern University produced, received, or maintained by employees in your office.  This includes but is not limited to records concerning the Northwestern campus in Education City, Doha, Qatar and surveys on media use commissioned by the State Department.

> **Response:**  Admit.

169.    **Complaint:**   On October 21, the request was assigned the tracking number F-00040-16.

> **Response:**  Admit.

170.    **Complaint:**   Over the course of several phone calls and emails, Stevens agreed to revise her request. According to an email of October 21 from USAID, the agency would conduct its search for "... records concerning the Northwestern campus in Education City, Doha, Qatar and surveys on media use commissioned by the USAID," not the State Department.   (Stevens had written this under the incorrect assumption that USAID was a component of the DOS and not an independent agency.)

> **Response:**  Admit.

171.    **Complaint:**   On October 23, in response to a separate phone conversation and email from Stevens, the USAID FOIA official stated in an email:

> you've indicated that you're interested in: "ALL email about the Northwestern campus in Qatar in the control of any USAID

48

employee, including correspondence between USAID employees and other government or private individuals, regardless of the email server used for this". [*sic*]

Currently, your request covers a 15-year period and the search criteria initially provided is relatively broad; thus, this could potentially result in numerous non-responsive records that a FOIA Specialist will have to review and ultimately delay a final response to your FOIA request.

**Response:** Admit.

172. **Complaint:** On October 23, 2015, Stevens sent an email providing further specificity.

**Response:** Admit.

173. **Complaint:** On December 12, 2015, Stevens received an email from USAID stating that her request was "still too broad." He included the following statement from a colleague tasked with the search:

For example, some of our staff are alumni of Northwestern. Do we need to include all of the emails they have received from NWU? Also, from time to time faculty from NWU have passed through and visited some of our programs and there are many emails about the logistics of their trips. Can we exclude such emails?

**Response:** Defendants aver that the USAID email was dated December 4, 2015, not December 12, 2015. Defendants admit the remaining allegations in paragraph 173.

174. **Complaint:** On December 4, Stevens replied, stating in part: "I am not prepared to further narrow the request without more specificity on exactly what has been found so far with the screen used. i.e., how many documents, pages, emails? ... 'Thousands' is not a big number for the work I do."

**Response:** Admit.

49

175.    **Complaint:**  Stevens has in fact received several hundred pages of responsive documents from the DOS about Northwestern along the lines described by the USAID FOIA officer, indicating that her original request of USAID was well within the scope of the FOIA.

    **Response:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 175; accordingly, they are denied.

176.    **Complaint:**  Northwestern University is run by past and current CEOs and directors of firms that employ offset trade, i.e., side agreements disfavored by Congress that firms use to incentivize military and other sales to foreign governments.  One incentive BIS tracks is U.S. higher education in the form of scholarships and in-country campuses.  On information and belief, employees of the DOC, State Department, and USAID assist with and monitor this trade and thus possess these and documents responsive to my request.

    **Response:**  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176; accordingly, they are denied.

177.    **Complaint:**  On August 2, an RA at the Deportation Research Clinic called the USAID FOIA Office to check the status of Stevens' request, and his call was disconnected.  He called again on August 3, 2018, and left a voicemail message requesting assistance.

    **Response:**  Defendants deny that an RA left a voicemail message requesting assistance on August 3, 2018, with the USAID FOIA Office.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 177; accordingly, they are denied.

178.    **Complaint:**  1,025 days have elapsed since the request was sent and no responsive records have been produced.  This is 995 days past the 30 day deadline imposed by the FOIA.

**Response:** Deny.

## Exhaustion of Administrative Remedies

### BBG

179.    **Complaint:** BBG in its response to Stevens' requests for information has failed to comply with the obligations as set forth in 5 U.S.C. 552, including its response to Stevens' appeal and the release of additional documents.   Stevens has therefore exhausted her administrative remedies.

**Response:** Deny.

### BIS

180.    **Complaint:** BIS has failed to comply with the requester notification requirements set forth in 5 U.S.C.  552(a)(6)(A) and time limits set forth in 5 U.S.C. 552(a)(6)(B) for FOIA requests DOC-BIS-2017-001364, DOC-BIS-2017-001365, and DOC-BIS-2017-001366 made by Stevens.   Due to the absence of any responses from the BIS to her appeals, Plaintiff has constructively exhausted all administrative remedies.

**Response:** Deny.

181.    **Complaint:** On July 23, 2018, an RA at the Deportation Research Clinic contacted the Office of Government Information Services ("OGIS") for assistance with requests DOC-BIS-2017-001364 and DOC-BIS-2017-001365.  No further documents have been received.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 181; accordingly, they are denied.

### HHS

182.    **Complaint:** HHS has failed to comply with the time limits set forth in 5 U.S.C.

552(a)(6)(B) for requests 18-F-0210 and 18-F-0211 made by Stevens. Due to the absence of any responsive documents from HHS, Plaintiff has constructively exhausted all administrative remedies.

> **Response:** Deny.

183. **Complaint:** On July 23, an RA at the Deportation Research Clinic contacted the OGIS for assistance with both requests. No further documents have been received.

> **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 183; accordingly, they are denied.

### ICE

184. **Complaint:** ICE has failed to comply with the time limits set forth in 5 U.S.C. 552(a)(6)(B) for requests 2018-ICF0-25719, 2018-ICF0-26000 [Appeal 2018-ICAP-00236], 2018-ICF0-34217, 2018-ICF0-34225, 2018-ICF0-36215, 2018-ICF0-46983, 2018-ICF0-46999, 2018-ICF0-47097, 2018-ICF0-47101, and 2018-ICF0-50378 made by Stevens. As such, plaintiff has constructively exhausted all administrative remedies.

> **Response:** Deny.

185. **Complaint:** On July 27, 2018, an RA at the Deportation Research Clinic contacted the OGIS for assistance with requests 2018-ICF0-46999, 2018-ICF0-47101, 2018-ICF0-47097, and Appeal 2018-ICAP-00236.

> **Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 185; accordingly, they are denied.

### USCIS

186. **Complaint:** USCIS has failed to comply with the time limits set forth in 5 U.S.C.

52

552(a)(6)(B) for requests COW2018000623, COW2018000625, NRC2018074108, NRC2018074187, NRC2018079441, and a request received by USCIS on May 22, 2018 but assigned no tracking number. As such, plaintiff has constructively exhausted all administrative remedies.

**Response:** Deny.

187. **Complaint:** On July 27, 2018, an RA at the Deportation Research Clinic contacted the OGIS for assistance with requests COW2018000623 and COW2018000625.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 187; accordingly, they are denied.

### OJP

188. **Complaint:** OJP's failure to comply with the time limits set forth in 5 U.S.C. 552(a)(6)(B) for request 17-00208 made by Stevens.

**Response:** Deny.

189. **Complaint:** On July 24, an RA at the Deportation Research Clinic contacted the OGIS for assistance with this request. They received an auto-reply confirmation email upon submission, but have received no further assistance. As such, plaintiff has constructively exhausted all administrative remedies.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 189; accordingly, they are denied.

### Claims for Relief

### First Cause of Action
### Violation of the FOIA by BBG (Request 16-046-01)

190. **Complaint:** All previous paragraphs are incorporated as though fully set forth

herein.

   **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

  191. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant BBG in connection with request number 16-046-1 and no legal basis exists for BBG's failure to adequately search for and make available all requested records.

   **Response:** Deny.

  192. **Complaint:** Defendant's failure to make reasonable efforts to search for and produce responsive records and wrongful withholding of agency records sought in connection to 16-046-1 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), 552(a)(6)(A), and 552(a)(7)(B) as well as BBG regulations promulgated thereunder.

   **Response:** Deny.

**Second Cause of Action**
**Violation of the FOIA by DOC (DOC-BIS-2017-001364)**

  193. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

   **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

  194. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant DOC in connection with request number DOC-BIS-2017-001364 and no legal basis exists for DOC's failure to adequately search for and promptly make available the requested records.

54

**Response:** Deny.

195. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and the wrongful withholding of agency records sought in connection to DOC-BIS-2017-001364 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C) and 552(a)(6)(A) as well as DOC regulations promulgated thereunder.

**Response:** Deny.

### Third Cause of Action
### Violation of the FOIA by DOC (DOC-BIS-2017-001365)

196. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

**Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

197. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant DOC in connection with request number DOC-BIS-2017-00135 and no legal basis exists for DOC's failure to adequately search for and promptly make available the requested records.

**Response:** Deny.

198. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to DOC-BIS-2017-001365 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C) and 552(a)(6)(A) as well as DOC regulations promulgated thereunder.

**Response:** Deny.

**Fourth Cause of Action**
**Violation of the FOIA by DOC (DOC-BIS-2017-001366)**

199.    **Complaint:**  All previous paragraphs are incorporated as though fully set forth herein.

   **Response:**  Defendants repeat and incorporate by reference their responses to the previous paragraphs.

200.    **Complaint:**  Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant DOC in connection with request number DOC-BIS-2017-001366 and no legal basis exists for DOC's failure to adequately search for and promptly make available the requested records.

   **Response:**  Deny.

201.    **Complaint:**  Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to DOC-BIS-2017-001366 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C) and 552(a)(6)(A) as well as DOC regulations promulgated thereunder.

   **Response:**  Deny.

**Fifth Cause of Action**
**Violation of the FOIA by HHS (F-18-0210)**

202.    **Complaint:**  All previous paragraphs are incorporated as though fully set forth herein.

   **Response:**  Defendants repeat and incorporate by reference their responses to the previous paragraphs.

203.    **Complaint:**  Plaintiff has a legal right under the Freedom of Information Act to

56

obtain agency records requested from Defendant HHS in connection with request number F-18-0210 and no legal basis exists for HHS's failure to adequately search for and promptly make available the requested records.

       **Response:** Deny.

204. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to F-18-0210 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C) and 552(a)(6)(A) as well as HHS regulations promulgated thereunder.

       **Response:** Deny.

**Sixth Cause of Action**
**Violation of the FOIA by HHS (F-18-0211)**

205. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

       **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

206. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant HHS in connection with request number F-18-0211 and no legal basis exists for HHS's failure to adequately search for and promptly make available the requested records.

       **Response:** Deny.

207. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to F-18-0211 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C) and 552(a)(6)(A) as well as HHS regulations

promulgated thereunder.

 **Response:** Deny.

**Seventh Cause of Action**
**Violation of the FOIA by CBP (CBP-2018-068519)**

208. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

 **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

209. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant in connection with request number CBP-2018-068519 and no legal basis exists for CBP's failure to adequately search for and promptly make available the requested records.

 **Response:** Deny.

210. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to CBP-2018-068519 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as CBP regulations promulgated thereunder.

 **Response:** Deny.

**Eighth Cause of Action**
**Violation of the FOIA by ICE (2018-ICFO-25719)**

211. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

 **Response:** Defendants repeat and incorporate by reference their responses to the

58

previous paragraphs.

212.    **Complaint:**  Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant ICE in connection with request number 2018-ICF0-25719 and no legal basis exists for ICE's failure to adequately search for and promptly make available the requested records.

       **Response:**  Deny.

213.    **Complaint:**  Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to 2018-ICF0-25719 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as ICE regulations promulgated thereunder.

       **Response:**  Deny.

**Ninth Cause of Action**
**Violation of the FOIA by ICE (2018-ICFO-26000)**

214.    **Complaint:**  All previous paragraphs are incorporated as though fully set forth herein.

       **Response:**  Defendants repeat and incorporate by reference their responses to the previous paragraphs.

215.    **Complaint:**  Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant ICE in connection with request number 2018-ICF0-26000 and no legal basis exists for DHS's failure to adequately search for and promptly make available the requested records.

       **Response:**  Deny.

216.    **Complaint:**  Defendant's failure to make reasonable efforts to search for

59

responsive records and wrongful withholding of agency records sought in connection to 2018-ICF0-26000 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as ICE regulations promulgated thereunder.

**Response:** Deny.

### Tenth Cause of Action
### Violation of the FOIA by ICE (2018-ICFO-34217)

217. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

**Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

218. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant ICE in connection with request number 2018-ICF0-34217 and no legal basis exists for ICE's failure to adequately search for and promptly make available the requested records.

**Response:** Deny.

219. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to 2018-ICF0-34217 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as ICE regulations promulgated thereunder.

**Response:** Deny.

### Eleventh Cause of Action
### Violation of the FOIA by ICE (2018-ICFO-34225)

220. **Complaint:** All previous paragraphs are incorporated as though fully set forth

herein.

      **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

221. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant ICE in connection with request number 2018-ICF0-34225 and no legal basis exists for ICE's failure to adequately search for and promptly make available the requested records.

      **Response:** Deny.

222. **Complaint:** Defendant's failure to make reasonable effo1is to search for responsive records and wrongful withholding of agency records sought in connection to 2018-ICF0-34225 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as ICE regulations promulgated thereunder.

      **Response:** Deny.

### Twelfth Cause of Action
### Violation of the FOIA by ICE (2018-ICFO-36215)

223. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

      **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

224. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant ICE in connection with request number 2018-ICF0-36215 and no legal basis exists for ICE's failure to adequately search for and promptly make available the requested records.

**Response:** Deny.

225. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to 2018-ICF0-36215 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as ICE regulations promulgated thereunder.

**Response:** Deny.

**Thirteenth Cause of Action**
**Violation of the FOIA by ICE (2018-ICFO-46983)**

226. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

**Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

227. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant ICE in connection with request number 2018-ICF0-46983 and no legal basis exists for ICE's failure to adequately search for and promptly make available the requested records.

**Response:** Deny.

228. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to 2018-ICF0-46983 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as ICE regulations promulgated thereunder.

**Response:** Deny.

**Fourteenth Cause of Action**
**Violation of the FOIA by ICE (2018-ICFO-46999)**

229.    **Complaint:**  All previous paragraphs are incorporated as though fully set forth herein.

      **Response:**  Defendants repeat and incorporate by reference their responses to the previous paragraphs.

230.    **Complaint:**  Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant ICE in connection with request number 2018-ICF0-46999 and no legal basis exists for ICE's failure to adequately search for and promptly make available the requested records.

      **Response:**  Deny.

231    **Complaint:**  Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to 2018-ICF0-46999 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as ICE's regulations promulgated thereunder.

      **Response:**  Deny.

**Fifteenth Cause of Action**
**Violation of the FOIA by ICE (2018-ICFO-47097)**

232.    **Complaint:**  All previous paragraphs are incorporated as though fully set forth herein.

      **Response:**  Defendants repeat and incorporate by reference their responses to the previous paragraphs.

233.    **Complaint:**  Plaintiff has a legal right under the Freedom of Information Act to

63

obtain agency records requested from Defendant ICE in connection with request number 2018-ICF0-47097 and no legal basis exists for ICE' s failure to adequately search for and promptly make available the requested records.

       **Response:** Deny.

234. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to 2018-ICF0-47097 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as ICE regulations promulgated thereunder.

       **Response:** Deny.

**Sixteenth Cause of Action**
**Violation of the FOIA by ICE (2018-ICFO-47101)**

235. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

       **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

236. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant ICE in connection with request number 2018-ICF0-47101 and no legal basis exists for ICE's failure to adequately search for and promptly make available the requested records.

       **Response:** Deny.

237. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to 2018-ICF0-47101 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as ICE

regulations promulgated thereunder.

   **Response:** Deny.

**Seventeenth Cause of Action**
**Violation of the FOIA by ICE (2018-ICFO-50378)**

  238. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

   **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

  239. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant ICE in connection with request number 2018-ICF0-50378 and no legal basis exists for ICE's failure to adequately search for and promptly make available the requested records.

   **Response:** Deny.

  240. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to 2018-ICF0-50378 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as ICE regulations promulgated thereunder.

   **Response:** Deny.

**Eighteenth Cause of Action**
**Violation of the FOIA by USCIS (COW2018000623)**

  241. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

   **Response:** Defendants repeat and incorporate by reference their responses to the

65

previous paragraphs.

242.  **Complaint:**  Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant DRS in connection with request number COW2018000623 and no legal basis exists for USCIS's failure to adequately search for and promptly make available the requested records.

> **Response:**  Deny.

243.  **Complaint:**  Defendant's failure to make reasonable  efforts to  search for responsive records  and wrongful withholding of agency records sought in connection to COW2018000623 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), 552(a)(6)(A), and 552(a)(7)(B) as well as USCIS regulations  promulgated  thereunder.

> **Response:**  Deny.

### Nineteenth Cause of Action
### Violation of the FOIA by USCIS (COW2018000625)

244.  **Complaint:**  All previous paragraphs are incorporated as though fully set forth herein.

> **Response:**  Defendants repeat and incorporate by reference their responses to the previous paragraphs.

245.  **Complaint:**  Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant USCIS in connection with request number COW2018000625 and no legal basis exists for USCIS's failure to adequately search for and promptly make available the requested records.

> **Response:**  Deny.

246.  **Complaint:**   Defendant's failure to make reasonable efforts to search for

66

responsive records and wrongful withholding of agency records sought in connection to COW2018000625 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), 552(a)(6)(A), and 552(a)(7)(B) as well as USCIS regulations promulgated thereunder.

       **Response:** Deny.

### Twentieth Cause of Action
### Violation of the FOIA by USCIS (NRC2018074108)

247. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

       **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

248. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant USCIS in connection with request number NRC2018074108 and no legal basis exists for USCIS's failure to adequately search for and promptly make available the requested records.

       **Response:** Deny.

249. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to NRC2018074108 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), 552(a)(6)(A), and 552(a)(7)(B) as well as USCIS regulations promulgated thereunder.

       **Response:** Deny.

### Twenty-First Cause of Action
### Violation of the FOIA by USCIS (NRC 2018074187)

250. **Complaint:** All previous paragraphs are incorporated as though fully set forth

herein.

       **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

251. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant USCIS in connection with request number NRC2018074187 and no legal basis exists for USCIS's failure to adequately search for and promptly make available the requested records.

       **Response:** Deny.

252. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to NRC2018074187 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), 552(a)(6)(A), and 552(a)(7)(B) as well as DRS regulations promulgated thereunder.

       **Response:** Deny.

**Twenty-Second Cause of Action**
**Violation of the FOIA by USCIS (May 22, 2018 Request)**

253. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

       **Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

254. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant USCIS in connection with Plaintiff's request of May 22, 2018 and no legal basis exists for USCIS's failure to adequately search for and promptly make available the requested records.

**Response:** Deny.

255. **Complaint:** Defendant's failure to provide a tracking number for the request of May 22, 2018, make reasonable efforts to search for responsive records, and wrongful withholding of agency records sought in connection to the request made violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), 552(a)(6)(A), and 552(a)(7)(B) as well as USCIS regulations promulgated thereunder.

**Response:** Deny.

**Twenty-Third Cause of Action**
**Violation of the FOIA by USGS (2018-00160)**

256. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

**Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

257. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant USGS in connection with request number 2018-00160 and no legal basis exists for USGS's failure to adequately search for and promptly make available the requested records.

**Response:** Deny.

258. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to 2018-00160 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), 552(a)(6)(A), and 552(a)(7)(B) as well as USGS's regulations promulgated thereunder.

**Response:** Deny.

69

### Twenty-Fourth Cause of Action
### Violation of the FOIA by DOJ (DOJ-2017-006478)

259. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

**Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

260. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant DOJ in connection with request number DOJ-2017-006478 and no legal basis exists for DOJ's failure to adequately search for and promptly make available the requested records.

**Response:** Deny.

261. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to DOJ-2017-006478 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as DOJ regulations promulgated thereunder.

**Response:** Deny.

### Twenty-Fifth Cause of Action
### Violation of the FOIA by FBI (1404050-000)

262. **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

**Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

263. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to

70

obtain agency records requested from Defendant FBI's in connection with request number 1404050-000 and no legal basis exists for FBI's failure to adequately search for and promptly make available the requested records.

**Response:** Deny.

264.    Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to 1404050-000 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), and 552(a)(6)(A) as well as DOJ's regulations promulgated thereunder.

**Response:** Deny.

**Twenty-Sixth Cause of Action**
**Violation of the FOIA by OJP (Request 17-00208)**

265.    **Complaint:**  All previous paragraphs are incorporated as though fully set forth herein.

**Response:**  Defendants repeat and incorporate by reference their responses to the previous paragraphs.

266.    **Complaint:**  Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant OJP in connection with request number 17-00208 and no legal basis exists for OJP's failure to adequately search for and promptly make available the requested records.

**Response:** Deny.

267.    **Complaint:**  Defendant's failure to make reasonable effo1is to search for responsive records and wrongful withholding of agency records sought in connection to 17-00208 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), 552(a)(6)(A), and 552(a)(7)(B) as well as

OJP regulations promulgated thereunder.

**Response:** Deny.

### Twenty-Seventh Cause of Action
### Violation of the FOIA by DOS (Request F-2018-00851)

268.    **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

**Response:** Defendants repeat and incorporate by reference their responses to the previous paragraphs.

269.    **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant DOS in connection with request number F-2018-00851 and no legal basis exists for DOS's failure to adequately search for and promptly make available the requested records.

**Response:** Deny.

270.    **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to F-2018-00851 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), 552(a)(6)(A), and 552(a)(7)(B) as well as DOS regulations promulgated thereunder.

**Response:** Deny.

### Twenty-Eighth Cause of Action
### Violation of the FOIA by USAID (Request F-00040-16)

271.    **Complaint:** All previous paragraphs are incorporated as though fully set forth herein.

**Response:** Defendants repeat and incorporate by reference their responses to the

72

previous paragraphs.

272. **Complaint:** Plaintiff has a legal right under the Freedom of Information Act to obtain agency records requested from Defendant USAID in connection with request number F-00040-16 and no legal basis exists for USAID's failure to adequately search for and promptly make available the requested records.

> **Response:** Deny.

273. **Complaint:** Defendant's failure to make reasonable efforts to search for responsive records and wrongful withholding of agency records sought in connection to F-00040-16 violates FOIA, 5 U.S.C. 552(a)(3)(A), 522(a)(3)(C), 552(a)(6)(A), and 552(a)(7)(B) as well as USAID regulations promulgated thereunder.

> **Response:** Deny.

WHEREFORE, defendants request that this case be dismissed with costs and that the court award such other relief as may be appropriate.

> Respectfully submitted,
>
> JOHN R. LAUSCH, Jr.
> United States Attorney
>
> By: s/ Prashant Kolluri
>     PRASHANT KOLLURI
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 886-9085
>     prashant.kolluri@usdoj.gov