*Stevens v. BBG, et al.*, 18 C 5391 (N.D. Ill.)

**March 8, 2019 Update of FOIA requests**

1.      **BBG FOIA Case No. 16-046-1, D3 Systems Inc. Request**

Production complete; agency will not be producing any additional documents.

Log of withheld information provided (see attached).

2.      **BIS FOIA Case No. DOC-BIS-2017-001364, Information re Offsets in Defense Trade Annual Reports**

Agency granted in part and denied in part your administrative appeal on February 20, 2019.

95 pages were withheld in full. You asked on February 21, 2019, for a description of those pages. Agency states that the pages are database entries in BIS's offset database that were submissions by firms pursuant to Section 723(c) of the Defense Production Act and are therefore exempt from disclosure under the FOIA (Exemption 3).

3.      **BIS FOIA Case No. DOC-BIS-2017-001365, Appendices to BIS Offsets in Defense Trade Annual Reports**

Agency denied your administrative appeal on February 20, 2019.

4.      **BIS FOIA Case No. DOC-BIS-2017-001366, Data Entry Protocols**

31 pages of responsive documents produced, with some information withheld. You administratively appealed the withholding. Four additional pages were released in part in response to your appeal, but the remainder of your appeal was denied on February 20, 2019.

5.     **HHS FOIA Case No. 18-F-0210, David Senn and Age Assessments**

HHS has made multiple releases and completed production on March 8. Some documents that have been produced were also referred to the U.S. Department of Homeland Security for review. I'm working with DHS to see when that review will be completed. (Note: it appears the information that DHS would review is likely not the information you are most seeking in this request.)

Log of withheld information provided (see attached).

6.     **HHS FOIA Case No. 18-F-0211, Southwest Key Programs Age Assessments**

Production complete. You stated in a February 15, 2019 email that you believe some responsive documents may be missing. The agency believes it conducted an adequate search and produced responsive, non-exempt materials. If you believe materials are missing, please identify with specificity the documents you believe are missing; generally alleging that documents appear to be missing will not suffice. For instance, in your February 15 email, you stated that the agency's response to this FOIA request "contains zero documents specific to commitments for age assessments, even though material responsive to -210 indicates that this information was indeed provided to Southwest Keys." What "material responsive to -210" are you specifically referring to? At this time, the agency will not be producing any additional documents in response to your February 15 email. Finally, please note that Southwest Keys does not submit dental or x-ray invoices to ACF, so those documents could only be obtained from Southwest Keys.

Log of withheld information provided (see attached).

7.     **CBP FOIA Case No. CBP-2018-068519, Jennifer Marenette**

Production Complete. 32 pages produced, some withheld partially. You claim in your December 2018 status report that portions of the release were improperly redacted, but do not identify what you believe was improperly redacted. Please identify. At this time (and absent identification from you about what exactly you are challenging), the agency stands by its withholdings and will address it with the court.

8.     **ICE's 10 FOIA Requests**

ICE made a production on February 28, 2019, that responds to the 10 ICE FOIA requests at issue in this case (or alternatively, may supplement what has previously been produced). The agency made one more final production on March 8. As noted in the final production

letter, ICE referred some Exemption 5 redactions in the documents that it produced to you to the U.S. Department of Justice for review and response. I'm working with DOJ to see when that review will be completed.

Log of withheld information will be provided by March 12.

9.     **USCIS FOIA Case No. COW2018000623, Northwestern University E-Verify Data:** Agency says final response; you have requested "missing" fields; and agency/me have indicated that no further fields or documents will be produced. According to the agency, the "missing" fields you request would require the creation of a new document just for this FOIA request, which the statute does not require. Presuming you still want the "missing" fields, this looks like a request we will litigate before the court.

You then asked for the agency to provide a "legal reason" that the agency "is objecting to producing a document that includes the output from a database."

In addition to what is stated above, the "missing fields" you requested in your November 9, 2018 email are not part of your original request. For instance, there is nothing in your original request about "requests for more information, responses, dates of final authorization, and responses with characterization of how case was closed after USCIS informs NU of noneligibility and dates for this." The agency conducted a reasonable search and produced non-exempt information responsive to your *original* request. You cannot modify the request by seeking different (or additional) information now, which is how the agency views your November 9 email.

10.    **USCIS FOIA Case No. COW2018000625, Universities providing E-Verify Information**

Parties agree nothing more to do on this one.

11.    **USCIS FOIA Case No. NRC2018074108, Manuel Herrera-Diego**

Re-sent production to you on March 1, 2019.

Log of withheld information provided (see attached).

12.    **USCIS FOIA Case No. NRC2018074187, Ramatu Kiadii-Soko**

Parties agree nothing more to do on this one.

13.    **USCIS FOIA Case No. NRC2018079441, Arthur Godfrey**

Re-sent production to you on March 1, 2019.

Log of withheld information provided (see attached).

14.     **USCIS Case No. CNT2018000017, General Dynamics Contract**

I informed you that the agency stands by the adequacy of its search and the applied exemptions.   You asked us to look again.   After talking with agency counsel, I have confirmed that the agency stands by the adequacy of its search and applied exemptions. Again, if you believe they are missing documents, please identify with specificity.   Your February 15 email did not do that.

Log of withheld information provided (see attached).

15.     **USGS FOIA Case No. 2018-00160, Request About NU Contracts**

You raised one issue about the production in your December 2018 status report.   The agency searched for records related to the "staffing changes" comment in the December 14, 2016 email you referenced and determined that it has no additional records.

16.     **DOJ FOIA Case No. DOJ-2017-006478, Names and Authors of Memorandum Mandating Case Load Quotas**

DOJ/EOIR completed production (22 pages), as previously stated.  You asked for records from DOJ/OPA.  The Office of Public Affairs falls under the Office of Information Policy (OIP).  OIP has completed its search of potentially responsive records and is currently reviewing records for responsiveness and release.  OIP expects to make a production of responsive, non-exempt information by March 18.

17.     **FBI FOIA Case No. 1404050-000, NU Biotechnology Development Contracts**

You claimed that additional documents should have been produced in your December 2018 status report.  The agency has confirmed its production is complete, and no additional records will be produced.

Log of withheld information provided (see attached).

18.     **OJP FOIA Case No. 17-00208, BJS Grant management, System Output Protocols**

Final response provided on January 4, 2019.   You responded by email on January 9 raising an issue with the response.   The agency has provided me two documents in response to your January 9 email: (1) an email from a BJA policy advisor describing the process by which SCAAP data is provided to DHS for review and then returned to OJP; and (2) a 32-page portion of OJP's GMS manual that describes how SCAAP data is collected and submitted to DHS.   I have attached both documents.

Additionally, there is a third document (a three-page memorandum of understanding) that we will produce in the coming days following review by DHS.

**19. DOS FOIA Case No. F-2018-00851, Passport Management Protocols**

Parties agree that first two parts of the request have been completed. Agency was considering your latest counter-proposal to part three of the request. In an effort to resolve the matter, the agency has decided to accept your counter-proposal: Policies, handbooks, protocols, memoranda, or email with instructions on when to share records or *records requests* MADE under the Privacy Act or the Freedom of Information Act with the Department of Homeland Security OR the Department of Justice OR any of the agencies or components thereof for the purpose of flagging people believed to be foreign born or non-citizens.

Please confirm that you still agree to a search using the above request. The agency has informed me that it is searching for potentially responsive records and expects that search to be completed by March 28. Once the agency determines the volume of potentially responsive records, it will provide an anticipated production schedule.

**20. USAID FOIA Case No. F-00040-16, NU USAID Request**

USAID originally tasked the Bureau for the Middle East, Office of Middle East Affairs, and the USAID Mission in West Bank/Gaza to search for records and produced responsive, non-exempt information to you.

In response to your December 2018 status report, the agency contacted the Bureau for the Middle East and directed searches of the five offices you referenced: the Office of Middle East Affairs, Office of the Assistant Administrator, Office of Strategic Planning Operations, Office of Technical Support, and Administrative Management Services. The agency has also directed searches to the Office of Chief Information Officer, the Bureau for Asia and the Near East, and the Office of Afghanistan and Pakistan Affairs. The agency expects the search to be completed by March 22. Once the agency determines the volume of potentially responsive records, it will provide an anticipated production schedule.

Log of withheld information in previously produced records provided (see attached).

FOIA LOG for CNT2018000017

353 pages total
136 pages fully released
216 pages partially withheld (b)(3), (b)(4), and (b)(6) of the FOIA.

| Description of Document(s) | FOIA Exemptions Applied | Basis for Exemption |
|---|---|---|
| Amendment of Solicitation / Modification of Contract, Optional Form 336, and all supporting documentation | (b)(3) | Cited in conjunction with 26 U.S.C. § 6103, at the request of the contract submitter, to withhold the Taxpayer ID number of the corporation. |
| | (b)(4) | Commercial or financial information withheld at the request of the contract submitter, after the submitter reviewed and was provided an opportunity to object. |
| | (b)(6) | Names of submitter's contract administrators, withheld at the request of submitter. Submitters feel that releasing their officers' names will constitute an unwarranted invasion of privacy. USCIS honors such requests because privacy interest is greater than de minimis, and because release of the name may lead to greater understanding, better information-gathering, and direct recruiting opportunities for competitors, but no benefit for the general public. |

FOIA LOG for CNT2018000017

353 pages total
136 pages fully released
216 pages partially withheld (b)(3), (b)(4), and (b)(6) of the FOIA.

| Description of Document(s) | FOIA Exemptions Applied | Basis for Exemption |
|---|---|---|
| Amendment of Solicitation / Modification of Contract, Optional Form 336, and all supporting documentation | (b)(3) | Cited in conjunction with 26 U.S.C. § 6103, at the request of the contract submitter, to withhold the Taxpayer ID number of the corporation. |
| | (b)(4) | Commercial or financial information withheld at the request of the contract submitter, after the submitter reviewed and was provided an opportunity to object. |
| | (b)(6) | Names of submitter's contract administrators, withheld at the request of submitter. Submitters feel that releasing their officers' names will constitute an unwarranted invasion of privacy. USCIS honors such requests because privacy interest is greater than de minimis, and because release of the name may lead to greater understanding, better information-gathering, and direct recruiting opportunities for competitors, but no benefit for the general public. |

FOIA LOG for NRC2018074108

989 pages total

590 pages fully released

  31 pages partially withheld 552a(j)(2) and a(k)(2) of PA, (b)(7)(C) and (b)(7)(E) of the FOIA.

    5 pages fully withheld 552a(k)(2) of PA, (b)(7)(C) and (b)(7)(E) of the FOIA.

    5 pages referred to Bureau of Alcohol, Tobacco, Firearms and Explosives for direct response to the requester.

108 pages referred to Immigration and Customs Enforcement for direct response to the requester.

| Description of Document(s) | Exemptions Applied | Basis for Exemption |
|---|---|---|
| Various person information screen prints from USCIS / ICE / CBP legacy Immigration and Naturalization Service databases: Central Index System (CIS), Automated Targeting System (ATS)<br><br>State of New York criminal background inquiry, RAP sheet | 552a(j)(2) Privacy Act (cited with (b)(7)(E) of the FOIA) | Information in files which originated from an agency primarily concerned with the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities. By letter of instruction from FBI to legacy INS, USCIS withholds results of systems likely to indicate wants, warrants, or lookouts, whether positive or negative, since withholding only positive results would indicate a positive result. |
| | 552a(k)(2) Privacy Act (when used with (b)(7)(E) of the FOIA | Results of law enforcement systems checks, where disclosure of the systems results could reasonably be expected to risk circumvention of the law. |
| | (b)(7)(E) FOIA | Results of law enforcement systems checks, where disclosure of the systems results could reasonably be expected to risk circumvention of the law. By memoranda of agreement between CBP and USCIS, USCIS withholds results of systems likely to indicate wants, warrants, or lookouts, whether positive or negative, since |

| | | |
|---|---|---|
| | | withholding only positive results would indicate a positive result. |
| | 552a(k)(2) Privacy Act (when used with (b)(7)(C) of the FOIA | Names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents relating to third party individuals that are considered personal. |
| | (b)(7)(C) FOIA | Personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. USCIS withheld names, addresses, identification numbers, telephone numbers, fax numbers, or other personal information about third parties. |
| USCIS request to ICE for investigation.<br><br>Record of Query of Interagency Border Inspection System (IBIS) | 552a(k)(2) Privacy Act, (b)(7)(C) FOIA and (b)(7)(E) FOIA | Information withheld for the same reasons as stated above. |

FOIA LOG for NRC2018079441

967 pages total
821 pages fully released
 33 pages partially withheld (b)(6), (b)(7)(C), and (b)(7)(E).
  7 pages fully withheld (b)(3), (b)(6), and (b)(7)(E).
106 pages referred to Immigration and Customs Enforcement for direct response to the requester.

| Description of Document(s) | Exemptions Applied | Basis for Exemption |
|---|---|---|
| Application for Verification of Last Entry of an Alien, Declarations made for the court. | (b)(6) | Personal information about the affiant, release of which would constitute a clearly unwarranted invasion of privacy if released to the public – things like current addresses, dates of birth, details of marriages and divorces, etc. |
| Medical Examination of Visa Applicants | Fully withheld (b)(3) | USCIS has been instructed by Department of State to fully withhold documents prepared in anticipation of issuance or refusal of a visa pursuant to 8 U.S.C. § 1202(f) |
| Employment verification letters, bank letters to verify account balances, screen prints of third party immigration queries | Fully withheld, (b)(6) | Documents with personal information about third parties, release of which would constitute a clearly unwarranted invasion of privacy if released to the public – document numbers, social security numbers, current address, alien numbers etc. |
| Record of Arrests and Prosecutions, queries of other law enforcement information systems, such as ENFORCE Alien Removal Module, US-Visit A-Number Lookup, FD258 FBI fingerprint tracking system, TECS queries | (b)(7)(C)<br><br>(b)(7)(E) | Identifier of officer submitting the query and printing the report, as well as other law enforcement officers or third parties mentioned in the record.<br><br>Results of the query, where disclosure of the systems results could reasonably be expected to risk |

| | | circumvention of the law. By memorandum of agreement between CBP and USCIS, USCIS withholds results of systems likely to indicate wants, warrants, or lookouts, whether positive or negative, since withholding only positive results would indicate a positive result. As for NCIC, USCIS has a memorandum of instruction from FBI to withhold NCIC results and other federal criminal information systems that could indicate active warrants, whether positive or negative, since withholding only positive results would indicate a positive result |
|---|---|---|
| Criminal indictment | (b)(7)(C) | Identity of the grand jury foreperson |
| PACER query | (b)(6) | Login ID |

**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES'**
**LOG OF RESPONSIVE DOCUMENTS PRODUCED**

      The U.S. Department of Health and Human Services (HHS) provides the following list of

documents produced to the plaintiff Jacqueline Stevens in response to FOIA Requests 18-F-0210

and 18-F-0211, including the documents produced with redactions and those referred to the U.S.

Department of Homeland Security (DHS) for production.

**FOIA Request 18-F-0210**

| Date of Production: | Description of Documents Produced: | Exemption Applied: | Basis for Exemption: |
|---|---|---|---|
| 11/19/2018 | Section 1.6.2 of the ORR Policy Guide | | |
| 1/25/2019 | 88 pages responsive to Item #1, which seeks "contracts, invoices, email, work products, draft and final reports, system records, and screen shots of tabs for system records…for work requested, performed, or discussed in any medium with Dr. David R. Senn or his representatives between January 1, 2016 and the date the records are produced."<br><br>    15 without redactions<br><br>    73 with redactions | | |
| | | 5 U.S.C. § 552(b)(6) | Identity and personal information of unaccompanied minors and shelter staff; Cell phone numbers of federal employees |
| 1/25/2019 | 471 pages responsive to Item #2, which seeks "correspondence, including but not limited to email and text messages, with employees of Immigration and Customs Enforcement or Customs and Border Patrol or its components related to policies, protocols, and practices for assessing the age of those in custody of HHS or ICE in the United States | | |

1

| | | | |
|---|---|---|---|
| | between January 1, 2016 and the date the records are produced...."<br><br>305 pages referred to DHS<br><br>29 pages without redactions<br><br>137 pages with redactions | 5 U.S.C. § 552(b)(6) | Identity and personal information of unaccompanied minors and shelter staff; Cell phone numbers of federal employees |
| 2/22/2019 | 1,297 pages responsive to Item #2 (same as above)<br><br>989 pages referred to DHS<br><br>158 pages without redactions<br><br>150 pages with redactions | 5 U.S.C. § 552(b)(6) | Identity and personal information of unaccompanied minors and shelter staff; Cell phone numbers of federal employees |
| 3/8/2019 | 2,956 pages responsive to Item #2 (same as above)<br><br>728 pages referred to DHS<br><br>82 pages without redactions<br><br>2,146 pages with redactions | 5 U.S.C. § 552(b)(6) | Identity and personal information of unaccompanied minors and shelter staff; Cell phone numbers of federal employees |

**FOIA Request 18-F-0211**

| Date of Production: | Description of Documents Produced: | Exemption Applied: | Basis for Exemption: |
|---|---|---|---|
| 11/19/2018 | Section 1.6.2 of the ORR Policy Guide | | |

|  | 78 pages of cooperative agreements responsive to Item #1, which seeks "contracts, addenda, attachments, and other materials produced or received by HHS Office of Refugee Resettlement to which Southwest Key has committed for the performance of age assessments," as indicated in Section 1.6.2 of the ORR Policy Guide. |  |  |
|---|---|---|---|
|  | 34 pages without redactions |  |  |
|  | 44 pages with redactions | 5 U.S.C. § 552(b)(6) | Signatures; Identities and email addresses of lower level employees of ORR facilities |
| 1/25/2019 | 66 pages of cooperative agreements responsive to Item #1 (see above) |  |  |
|  | 63 pages without redactions |  |  |
|  | 3 pages with redactions | 5 U.S.C. § 552(b)(6) | Signatures |

***Stevens v. BBG, et al.***
Case No. 18-cv-5391 (N.D. Ill.)

U.S. Immigration and Customs Enforcement

Summary Log

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 1-266 | Partial | This document set contains facility records, e-mails, and attachments between U.S. Immigration and Customs Enforcement employees, including personally identifiable information, names, contact information, and information pertaining to third parties, including names, medical history, and Alien Numbers.  This information has been withheld throughout this document set under FOIA Exemptions (b)(6) and (b)(7)(C).  Additionally, contextual information around the PII that could be used to identify a third party was withheld, as that information could be used in conjunction with information found online, news stories, and other forms of media and internet information to reverse engineer an individual's identity and breach their personal privacy.  The disclosure of this PII serves no public benefit and would not assist the public in carrying out its statutory responsibilities.  As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(5) was applied to e-mails to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications.<br><br>FOIA Exemption (b)(7)(E) was applied to an internal SharePoint address and database location.  Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system.  Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access databases are law enforcement | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 960-1180 | Partial, Full | This document set contains e-mails between U.S. Immigration and Customs Enforcement employees, including personally identifiable information, names, and contact information and has been withheld under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of the names and contact information of ICE personnel or contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or contractors to harassment and annoyance in conducting their official duties and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge. The exemption of this PII further protects personnel and medical files and similar files from disclosure and serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>This document set also includes copies of contractual documents for the Conroe, Texas, facility, many of which are pre-decisional or drafts. FOIA exemptions (b)(6) and (b)(7)(C) were applied to prevent disclosure of PII and disclosure serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | FOIA Exemption (b)(5) was applied to e-mails and attorney conversations to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. FOIA Exemption (b)(5) was also applied to pre-decisional contractual documents; the cover document has been labeled "DRAFT" and the remaining draft/non-final documents have been withheld.<br><br>FOIA Exemption (b)(7)(E) was applied to an internal staffing chart and allocation of resources. Disclosure of this information could assist third parties in deciphering staffing levels and thus security at the facility. Disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities and is considered law enforcement sensitive information. | |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 267-959 | Partial | The document set includes copies of contractual documents for the Conroe, Texas, facility, including designs/blueprints for the facility and types of equipment used therein. FOIA Exemption (b)(7)(E) was applied to documents containing internal staffing levels and allocation of resources, including designs/blueprints for the building. Disclosure of this information could assist third parties in deciphering staffing levels, the layout of the facility, and security areas, thus compromising the security at the facility. Disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities and is considered law enforcement sensitive information. | Freedom of Information Act 5 U.S.C. § 552 (b)(4), (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | FOIA Exemption (b)(4) was applied to proprietary commercial or financial information, which if released, would cause substantial competitive harm and allow competitors an advantage in future solicitations. This document set also contains including personally identifiable information of federal employees, including names and contact information. This information has been withheld throughout this document set under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information. FOIA Exemption (b)(5) was applied to documents to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. | |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 1767-1770 | Partial | This document set contains e-mails and attachments between U.S. Immigration and Customs Enforcement employees, including personally identifiable information, names, phone numbers, e-mail addresses, and contact information. This information has been withheld under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(5) was also applied to e-mails to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, recommendations, attorney work product, and protected by the attorney-client privilege. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. FOIA Exemption (b)(5) was also applied to pre-decisional contractual documents; the cover document has been labeled "DRAFT" and the remaining draft/non-final documents have been withheld. In this case, the discussions between ICE attorneys and/or ICE personnel drafted in preparation for potential litigations were withheld. Second, the attorney work product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. Here, these documents are protected from disclosure because they were prepared by ICE attorneys in anticipation of any such litigation. The information withheld was prepared by an agency attorney - specifically, attorney memos, notes, questions, thoughts, strategy, and legal analysis - because the information constitutes attorney insight about the citizenship status of individuals encountered by ICE, which may be and has been subject to future litigation in immigration and federal court.<br><br>Finally, Exemption (b)(5) was also applied to protect the attorney-client privilege as applicable to portions of these records. Communications between ICE attorneys and their clients (ICE employees) were made for the purpose of securing legal advice. The attorney-client privilege recognizes that sound legal advice or advocacy depends upon a lawyer being fully informed by his client. If these communications, as covered by the attorney-client privilege, were disclosed, this could result in a chilling effect on interactions and communications between agency employees and their legal | |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | counsel, and would hamper the agency's ability to efficiently and effectively formulate its final positions on issues of public significance. | |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 1771-2047 | None | This document set contains public court filings and has been released in full. | N/A |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 1181-1313 | Partial | This document set contains documents referred by U.S. Citizenship and Immigration Services to ICE, including Alien Files. Certain documents contain personally identifiable information, names, and contact information of third parties. This information has been withheld throughout this document set under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(7)(E) was applied to a law enforcement database website address. Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system, or identify the user accessing the database. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | during enforcement operations. Further, how law enforcement officers access databases are law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2018-ICLI-00052 | 1212 | Full | This document contains attorney work product regarding U.S. citizenship claims ("USC claims") made by persons in ICE custody. Specifically, it contains attorney analysis and handwritten notes regarding a USC claim. Each USC claim memo follows a set template, which sets forth the facts of the individual case, the relevant legal standards for USC claims, the attorney's evaluation of evidence and data against the relevant USC law, a suggested conclusion on the matter of law, and a recommendation for agency action. All memos, whether put into the body of an e-mail or attached as a Word document, include the markings "ATTORNEY WORK PRODUCT." The draft memo is deliberative attorney work product meant for providing legal advice and recommendations to other ICE attorneys and ICE officers and agents. This information has been withheld in full under FOIA exemption (b)(5). The information contained herein was properly withheld under FOIA exemption (b)(5) because it is draft, pre-decisional, and deliberative as well as attorney work product and attorney-client privileged. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 1181-1313 | Partial | This document set contains documents referred by U.S. Citizenship and Immigration Services to ICE, including Alien Files. Certain documents contain personally identifiable information, names, phone numbers, e-mail addresses, and contact information of third parties. This information has been withheld under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of this PII serves no public benefit and would not assist the public in | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>This document set also contains e-mails and attachments between U.S. Immigration and Customs Enforcement employees and third parties, including personally identifiable information, names, and contact information. This information has been withheld under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>NOTE: For individuals with a valid privacy waiver to release their information, names have been left unredacted.<br><br>FOIA Exemption (b)(7)(E) was applied to a law enforcement database website address. Disclosure of this information could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system, or identify the user accessing the database. Disclosure of these techniques and practices in navigating the databases could assist those people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations. Further, how law enforcement officers access databases are law enforcement technique and procedure that is not commonly known. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 1661-1766 | Partial | This document set contains documents referred by U.S. Citizenship and Immigration Services to ICE, including Alien Files. Certain documents contain personally identifiable information, names, e-mail addresses, and contact information of third parties. This information has been withheld under FOIA exemptions (b)(6) and (b)(7)(C). Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of ICE personnel or contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or contractors to harassment and annoyance in conducting their official duties and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>This document set also contains e-mails between U.S. Immigration and Customs Enforcement employees and third parties, including personally identifiable information, names, and contact information. This information has been withheld under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>NOTE: For individuals with a valid privacy waiver to release their information, names have been left unredacted.<br><br>FOIA Exemption (b)(7)(E) was applied to a law enforcement database website addresses, codes, or law enforcement equipment information, could reveal techniques and/or procedures for law enforcement investigations or prosecutions, or disclose guidelines for law enforcement investigations or | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | prosecutions which are not well known to the public and could reasonably be expected to risk circumvention of the law. The disclosure of this information could reasonably be expected to risk the circumvention of law by allowing individuals to access law enforcement sensitive information as well as personally identifying information of DHS personnel thereby potentially interfering with ICE ongoing investigations, obstructing enforcement proceedings, and endangering the safety of DHS employees. Disclosure could also assist third parties in deciphering the meanings of the codes and could allow an individual to alter or manipulate law enforcement databases if they were to gain access to the system. The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 2048-2392 | Partial | This document set contains publicly filed court documents, the Detainee Handbook, and inspection reports, for which no Exemptions were applied.<br><br>Withholdings were applied to a bank check distributed as a "witness fee" to protect personally identifiable information of third parties under FOIA exemptions (b)(6) and (b)(7)(C). Under FOIA exemptions (b)(6) and (b)(7)(C), the disclosure of the names and contact information of ICE personnel or contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or contractors to harassment and annoyance in conducting their official duties and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information. | |
| 2018-ICLI-00052 | 2140 | Full | Map of facilities nationwide, including average daily population of the facilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(E) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 2393, 2395, 2408-2409, 2419-2425, 2428-2434, 2443-2444, 2456-2459, 2494-2503, 2509, 2510-2512, 2545-2549, 2736-2741, 2748-2757, 2794-2807, 2816-2817, 2885-2896, 2901-2911 | Partial | This document set contains e-mails and attachments between U.S. Immigration and Customs Enforcement employees and third parties related to facility administration, contracts, and inspections. The document set includes personally identifiable information, names, and contact information. This information has been withheld throughout this document set under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of the names and contact information of ICE personnel or contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or contractors to harassment and annoyance in conducting their official duties and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Exemptions (b)(6) and (b)(7)(c) were also applied to ICE employee and third party names on contractual documents for the reasons stated above. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | Exemption (b)(5) was applied to e-mails and documents between OPLA attorneys regarding invoicing procedures, upcoming litigations, updates to current litigations, and contain attorney work product, deliberative process, and attorney work product. FOIA Exemption (b)(5) was applied to protect the integrity of the deliberative or decision-making processes within the agency and by exempting from mandatory disclosure opinions, conclusions, and recommendations included in these legal memos and discussions. In this case, the discussions between ICE attorneys were directly tied to an ICE contract and potential class action lawsuits, and thus the release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel resulting in a chilling effect on intra- and inter-agency communications. | |
| 2018-ICLI-00052 | 2426-2427 | Partial | Exemption (b)(5) was applied to a draft document prepared by OPLA attorneys containing deliberative process and recommendations titled "Voluntary Work Program: Options for Reform." | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 2018-ICLI-00052 | 2435-2442, 2445-2455 | Full | Exemption (b)(5) was applied to a draft document prepared by OPLA attorneys for a declaration of an ICE official. The document contains advice provided by OPLA attorneys to ICE employees. The documents is in draft form and contains track changes and bubbles with comments. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 2018-ICLI-00052 | 2549-2727 | Partial | Document titled "Performance-Based National Detention Standards 2011 Inspection Worksheet for Over 72 Hour Facilities."<br><br>FOIA Exemptions (b)(6), (b)(7)(C) were applied to personally identifiable information, including names of ICE employees and third parties. The disclosure of the names and contact information of ICE personnel or | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C), (b)(7)(E) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or contractors to harassment and annoyance in conducting their official duties and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Exemption (b)(7)(E) was applied to law enforcement sensitive information, including types of equipment used at facilities and the number of officers used at the facilities. The disclosure of this information could reasonably be expected to risk the circumvention of law by allowing individuals to access ascertain staffing levels at facilities and serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | |
| 2018-ICLI-00052 | 2728-2734 | Partial | Annual Detention Inspection of the Denver Contract Detention Facility. Exemptions (b)(6) and (b)(7)(c) were applied to the personally identifiable information, including names and phone numbers, of ICE employees and third parties.<br><br>Exemption (b)(4) was applied to commercial information regarding bed day rate.<br><br>Exemption (b)(7)(E) was applied to the daily bed count, which is considered law enforcement sensitive information. | Freedom of Information Act 5 U.S.C. § 552 (b)(4), (b)(6), (b)(7)(c), (b)(7)(E) |
| 2018-ICLI-00052 | 2735 | Full | Internal memorandum drafted to summarize the Denver Contract Facility Annual Review 2016 between ICE employees. The document contains | Freedom of Information Act |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | information on the inspection and is marked as "For Official Use Only (Law Enforcement Sensitive)." Exemption (b)(7)(E) was applied to this document. | 5 U.S.C. § 552 (b)(7)(E) |
| 2018-ICLI-00052 | 2742-2747 | Full | FOIA Exemption (b)(5) was applied to a draft document titled "Outline of Petition for Rehearing *En Banc*. The document was drafted in anticipation of litigation. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 2018-ICLI-00052 | 2808 | Partial | E-mail containing privileged communications regard a draft declaration. Exemptions (b)(6) and (b)(7)(C) applied to personally identifiable information, including names, phone numbers, and e-mail addresses. Exemption (b)(5) was applied to communications between attorneys discussing a draft declaration. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(C) |
| 2018-ICLI-00052 | 2809-2815 | Full | Exemption (b)(5) applied to a draft declaration of Matthew Albence. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 2018-ICLI-00052 | 2864-2870 | Partial | E-mails titled "FW: Raul Novoa v. The Geo Group, Inc., CV 17-2514 - Request for Inspection of GEO's Adelanto Facility<br><br>Exemptions (b)(6) and (b)(7)(c) applied to personally identifiable information, including names, phone numbers, and e-mail addresses. | Freedom of Information Act 5 U.S.C. § 552 (b)(6), (b)(7)(c) |
| 2018-ICLI-00052 | 2871-2877 | Partial, Full | E-mail titled "FW: Menocal - P visit." | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | Exemptions b(6), b(7)(C) were applied to personally identifiable information on names, phone numbers, and email addresses contained within an email. Exemption (b)(5) was applied on OPLA attorney's legal advice regarding the release of photos and/or drawings of the Aurora detention facility. Exemption (b)(7)(E) was applied to diagrams/schematics of the Aurora detention facility which could be used to assist in the circumvention of security if disclosed publicly. | (b)(7)(c), (b)(7)(E) |
| 2018-ICLI-00052 | 2898-2900 | Partial | Exemption (b)(5) was applied on OPLA attorney's legal advice and attorney work product regarding litigation and detention standards. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 2018-ICLI-00052 | 2912-2919 | Full | Exemption (b)(5) was applied to attorney work product and draft document outlining the petition for rehearing. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 2920-2939, 3034-3041, 3400-<br><br>1-3, 6-7, 102-113, 143-156, 352-364 | Partial, Full | This document set contains e-mails between U.S. Immigration and Customs Enforcement employees and third parties, including DOJ attorneys, and contain personally identifiable information, names, and contact information withheld under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of the names and contact information of ICE personnel or contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or contractors to | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | harassment and annoyance in conducting their official duties and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Examples of documents contained in this set include e-mails regarding proposed videotaping of ICE facilities, *Touhy* notifications regarding subpoenas, and ICE submitting a statement of interest in a relevant litigation.<br><br>FOIA Exemption (b)(5) was applied to attorney work product and deliberative processes and communications between attorney discussing depositions and testimony. Further Exemption (b)(5) was applied to attorney work product prepared in advance of litigation regarding statement of interests in federal litigations and marked "Attorney Work Product/Attorney-Client Privileged." | |
| | 3042-3051, 3075-3088 | Full | Exemption (b)(5) was applied to attorney work product drafted in advance of litigation and attorney-client privileged communications between ICE and DOJ. The document is marked "attorney work product/attorney-client privileged/Unclassified/For Official Use Only" and pertains to the voluntary work program and statements of interest in relevant litigations. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| | 3284-3286, 3287-3296, 3320-3323, 3352-3356 | Partial, Full | Exemption (b)(6) and (b)(7)(C) applied to personally identifiable information, including names, phone numbers, and e-mail addresses. The disclosure of the names and contact information of ICE personnel or contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or contractors to harassment and annoyance in conducting their official duties | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge.  The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities.  As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(5) was applied to attorney work product, deliberative process, and a letter from ICE to DOJ regarding statements of interest in relevant litigations. | |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | 3400-3426, 3431-3450, 3497-3505, 3582, 3624-3647, 4154-4185 | Partial, Full | This document set contains e-mails and attachments between U.S. Immigration and Customs Enforcement employees and third parties concerning ICE contracts, including personally identifiable information, names, and contact information.  This information has been withheld FOIA exemptions (b)(6) and (b)(7)(C).  The disclosure of the names and contact information of ICE personnel or contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or contractors to harassment and annoyance in conducting their official duties and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge.  The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | FOIA Exemption (b)(5) was applied to attorney work product and e-mails between OPLA attorneys discussing grievance procedures, inspections of ICE facilities, and draft declarations for relevant litigations. | |
| 2018-ICLI-00052 | 3506-3512, 3572-3581, 3583-3623, 3648-3666, 3689-3698 | Partial | This document set contain contracts with The GEO Group for detention facilities.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to contractual documents containing names, addresses, and other personal information of ICE employees and third parties. The disclosure of the names and contact information of ICE personnel or contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or contractors to harassment and annoyance in conducting their official duties and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Exemption (b)(4) was applied to commercial unit pricing for each contract line item number. If disclosed, this could undermine the competitiveness of future proposals.<br><br>Exemption (b)(7)(E) was applied to internal funding codes, the release of which could impair funding of contracts and execution of ICE agreements with vendors. | Freedom of Information Act 5 U.S.C. § 552 (b)(4), (b)(6), (b)(7)(C), (b)(7)(E) |
| | 3562-3570 | Partial | | Freedom of Information Act |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | | | Exemption (b)(4) was applied to hourly rates of contracted workers paid by their employer.<br><br>Exemptions (b)(6) and (b)(7)(C) were also applied to contractual documents containing names of third parties. | 5 U.S.C. § 552 (b)(4), (b)(6), (b)(7)(C) |
| 2018-ICLI-00052 | 3699-4153 | Partial | Performance Based National Detention Standards (PBNDS) 2011<br><br>Four examples of authorized intermediate force devices and security procedures, Emergency Plans, types of communications/radios, mail threats, | Freedom of Information Act 5 U.S.C. § 552 (b)(7)(E) |
| 2018-ICLI-00052 | 4269-4271 | Partial | E-mail titled "FW: Menocal Outline - Rehearing En Banc."<br><br>OPLA attorney names, DOJ attorney names, and a partner at a private law firm. The partner's e-mail address and phone numbers, and the DOJ attorney's e-mail address were withheld under (b)(6) and (b)(7)(C).<br><br>Attorney sent DOJ/ICE a draft en banc petition for their review. The (b)(5) section contains attorney work product/attorney client privilege information discussing recommendations on how the parties should proceed. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |
| 2018-ICLI-00052 | 4272-4279 | Full | Draft outline prepared by attorneys of petition for rehearing en banc dated February 16, 2018. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 2018-ICLI-00052 | 4280-4286, 4525-4598 | Partial | E-mails between OPLA and DOJ titled "RE: Menocal Update," "RE: omnibus list of questions about Menocal," "RE: Menocal/Owino Statements of Interest," and "Menocal Hot Lit Follow-Up." | Freedom of Information Act 5 U.S.C. § 552 |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | OPLA and DOJ attorney names and phone numbers were withheld under (b)(6) and (b)(7)(C).<br><br>Exemption (b)(5) was applied to a recommendation by DOJ to OPLA, and OPLA's response, including questions and discussions of the case and DOJ's recommendation. Attorney work product and attorney client privileged information. | (b)(5), (b)(6), (b)(7)(C) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | 676-687 | Partial | E-mails between DOJ and OPLA containing personally identifiable information, names, and contact information withheld under (b)(6) and (b)(7)(c).<br><br>FOIA Exemption (b)(5) was applied to attorney work product and e-mails containing legal strategies and responses to DOJ from OPLA attorneys. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(c) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 4598-4604, 4808-4864, 4865-4867, 4868-4869, 4873-5012, 5018-5034 | Partial, Full | This document set contains e-mails and attachments between U.S. Immigration and Customs Enforcement employees, including personally identifiable information, names, and contact information. This information has been withheld under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of the names and contact information of ICE personnel or contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | | contractors to harassment and annoyance in conducting their official duties and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge. The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(5) was applied to attorney work product discussing litigations, strategy, statements of interests in litigations, PBNDS applicability, and detention facilities. Exemption (b)(5) was applied to draft legal document titled "Hot Lit Report" prepared in advance of litigation and to brief senior OPLA attorneys. Exemption (b)(5) also applied to draft documents and declarations prepared in advance of litigation or drafted in response to questions regarding detention facilities. | |
| 2018-ICLI-00052 | 4605-4807 | Partial | Exemptions (b)(6) and (b)(7)(C) were applied to contractual documents, including statements of work and contract clauses, which contain names, addresses, and other personal information of ICE employees and third parties.<br><br>Exemption (b)(4) was applied to commercial unit pricing for each contract line item number.<br><br>Exemption (b)(7)(E) was applied to internal funding codes. | Freedom of Information Act 5 U.S.C. § 552 (b)(4), (b)(6), (b)(7)(C), (b)(7)(E) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | | Partial | | |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 5035-5105, 5108-5125, 5130-5152, 5160-5213, 5223-5226, 5270-5290, 5294-5312, 5325-5368, 5370-5405, 5415-5491, 5501-5529 | | This document set contains e-mails and attachments between U.S. Immigration and Customs Enforcement employees, including personally identifiable information, names, phone numbers, e-mail addresses, and contact information. The disclosure of the names and contact information of ICE personnel or contractor could reasonably be expected to constitute an unwarranted invasion of personal privacy by (1) conceivably subjecting ICE personnel or contractors to harassment and annoyance in conducting their official duties and in their private lives and (2) potentially placing them in danger as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge. This information has been withheld throughout this document set under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>Examples of documents included in this set are e-mails titled "RE: Menocal – parties' prop sch order," "RE: Lawsuits GEO", "FW: LESA Data Pull question on Voluntary Work Program cases."<br><br>Exemption (b)(7)(E) applied internal conference call number and password and internal SharePoint website.<br><br>FOIA Exemption (b)(5) was applied to internal communications and attachments between OPLA attorneys discussing litigations, strategy, concerns, opinions, and recommendations. Examples of specific (b)(5) Exemptions include attorney's legal advice on the release of audit information, facility pay and voluntary work program, draft declarations, contract information, witness testimony, and case strategy. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), (b)(7)(E) |
| 2018-ICLI-00052 | 5106-5107, 5126-5129, 5152-5159, | Full | Exemption (b)(5) applied to draft legal documents titled "Hot Lit Report" prepared in advance of litigation and to brief senior OPLA attorneys. | Freedom of Information Act |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| | 5267-5269, 5291-5293, 5369, 5406-5414, 5492-5500 | | Exemption (b)(5) also applied to draft documents and declarations prepared in advance of litigation and/or drafted in response to questions regarding detention facilities and applicability of the Voluntary Work Program. | 5 U.S.C. § 552 (b)(5) |
| 2018-ICLI-00052 | 5214-5226 | Partial | Internal training slides on confidentiality statutes, Exemption (b)(5) was applied to legal advice regarding interpretation and practical implementation of the statutes. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 2018-ICLI-00052 | 5313-5324 | None | Inspection reports of ICE facilities, no exemptions applied, released in full. | |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 5530-5570, 5574-5577, 5580-5592, 5596-5720, 5725-5794-6034, 6047-6062 | Partial | This document set contains e-mails and attachments between U.S. Immigration and Customs Enforcement employees, including personally identifiable information, names, and contact information. This information has been withheld throughout this document set under FOIA exemptions (b)(6) and (b)(7)(C). The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. As a result, the privacy interests in this PII outweigh any minimal public interest that could possibly exist in the disclosure of this information.<br><br>FOIA Exemption (b)(5) was applied to attorney work product discussing litigation strategy and privileged information regarding the voluntary work program. This exemption was also applied to draft materials under the deliberative process privilege. | Freedom of Information Act 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(c) |

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Numbers) | Degree of Withholding | Description of Records and Explanation of Exemptions | Exemption(s) Applied |
|---|---|---|---|---|
| 2018-ICLI-00052 | 5571-5573, 5577-5579, 5592-5595, 5721-5724, 6035-6045 | Full | FOIA Exemption (b)(5) was applied draft attorney work product pertaining to motions to compel discovery, protective orders, and litigation strategy. Exemption (b)(5) was also applied to attorney work product and a memorandum titled "Overview of the Voluntary Work Program" and an internal draft legal document titled "Hot Lit Report" prepared in advance of litigation and to brief senior OPLA attorneys. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

# STEVENS v. U.S. AGENCY FOR GLOBAL MEDIA

# INDEX OF DOCUMENTS WITHHELD

### (BROADCASTING BOARD OF GOVERNORS FOIA CASE NO. 16-046-1)

| NO. | CATEGORY | EXEMPTION(S) | DESCRIPTION |
|---|---|---|---|
| 1. | Survey | 4 | InterMedia - 2008 National Survey in Afghanistan (version 12)<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview scripts) obtained from outside the government and is privileged or confidential.** |
| 2. | Survey | 4 | InterMedia – 2008 National Survey in Afghanistan (version 13)<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview scripts) obtained from outside the government and is privileged or confidential.** |
| 3. | Survey | 4 | InterMedia – Afghanistan Media Survey Wave 4 Methods Report (2007)<br>- **Protect commercial and financial information (e.g., proprietary third-party statistical breakdown of audience polling) obtained from outside the government and is privileged or confidential.** |
| 4. | Survey | 4 | InterMedia - 2007 National Survey in Afghanistan (02/07/2008)<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results) obtained from outside the government and is privileged or confidential.** |

| 5. | **Survey** | **4** | **InterMedia - 2008 National Survey in Afghanistan (including Booster samples) (10/24/2008)**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results) obtained from outside the government and is privileged or confidential.** |
|---|---|---|---|
| 6. | **Survey** | **4** | **InterMedia – Afghanistan Media Survey Wave 5 Methods Report (2008)**<br>- **Protect commercial and financial information (e.g., proprietary third-party statistical breakdown of audience polling) obtained from outside the government and is privileged or confidential.** |
| 7. | **Survey** | **4** | **D3 Systems, Inc. – Iraq Media Survey Wave 4 Methods Report (2008) (01/27/2009)**<br>- **Protect commercial and financial information (e.g., proprietary third-party statistical breakdown of audience polling) obtained from outside the government and is privileged or confidential.** |
| 8. | **Survey** | **4** | **Iran – National Telephone Survey on Media Habits**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview scripts) obtained from outside the government and is privileged or confidential.** |
| 9. | **Survey** | **4** | **InterMedia - Iran – National Telephone Survey on Media Habits (January 2011)**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview scripts) obtained from outside the government and is privileged or confidential.** |

| | | | |
|---|---|---|---|
| 10. | **Survey** | **4** | **InterMedia – 2008 Media Survey in Iraq**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview scripts) obtained from outside the government and is privileged or confidential.** |
| 11. | **Survey** | **4** | **InterMedia – 2008 National Survey in Iraq (no Booster samples included) (02/20/2009)**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results) obtained from outside the government and is privileged or confidential.** |
| 12. | **Survey** | **4** | **InterMedia - 2008 National Survey in Iraq (including Booster samples) (02/20/2009)**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results) obtained from outside the government and is privileged or confidential.** |
| 13. | **Report** | **4** | **D3 Systems, Inc. – Analytical Report: Focus Groups for Voice of America Kurdish TV – Kurd Connection (12/08/2017)**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results and analysis) obtained from outside the government and is privileged or confidential.** |
| 14. | **Study** | **4, 6** | **D3 Systems, Inc. – BBG Yemen Media Study Deep Dive (03/22/2011)**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results and analysis) obtained from outside the government and is privileged or confidential.** |

| | | | - **Protect personal privacy interests of individuals identified in the report.** |
|---|---|---|---|

*JACQUELINE STEVENS v. DOJ, ET AL*
18-cv-05391
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

## *Vaughn* **Index**

| SUMMARY OF FOIA EXEMPTION JUSTIFICATION CATEGORIES | |
|---|---|
| **CODED CATEGORIES** | **INFORMATION WITHELD** |
| **EXEMPTION (b)(4)** | **CONFIDENTIAL COMMERCIAL INFORMATION** |
| (b)(4)-1 | Trade Secrets and Commercial or Financial Information |
| **EXEMPTION (b)(6) and EXEMPTION (b)(7)(C)** | **CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY AND UNWARRANTED INVASION OF PERSONAL PRIVACY** |
| (b)(6)-1 and (b)(7)(C)-1 | Names and/or Identifying Information of FBI Special Agents/Support Personnel |
| (b)(6)-2 and (b)(7)(C)-2 | Names and/or Identifying Information of Commercial Institution Personnel |

**INDEX KEY**

RIF: Released in Full

RIP: Released in Part

WIF: Withheld in Full

FOIA WIF: Withheld in full pursuant to FOIA Exemptions

Per ODNI: Information was withheld by ODNI

**FBI DOCUMENT TYPES**

| |
|---|
| SF-26[1] - Award/Contract: This is an administrative form utilized in negotiated contracts to disclose the awardee and details of the contract. |
| SF-30 - Amendment of Solicitation/Modification of Contract: This is an administrative form utilized to closeout all remaining financial claims and extinguishing any and all future requests for financial compensation. |
| Cost Proposal and Scope of Work: These documents explicitly describe the scope of the work, technical requirements and cost proposal. |

[1] The acronym SF represents the term Standard Form

| Document Description | Bates | b4 1 | 6/7C 1 | 6/7C 2 | Per ODNI | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|
| SF-26: Award/Contract cover sheet dated March 11, 2015 | 1 | | X | X | | | X | |
| SF-26: Award/Contract cover sheet undated | 2 | | X | | | | X | |
| Award/Contract Table of Contents | 3 | | | | | X | | |
| Award/Contract: Section B - Supplies or Services and Prices/Costs | 4 | X | | | | | X | |
| Award/Contract: Section C - Description, Specification, Statement of Work | 5 | | | | | X | | |
| Award/Contract: Section D - Packaging and Marking | 6 | | | | | X | | |
| Award/Contract: Section E - Inspection and Acceptance | 7 | | | | | X | | |
| Award/Contract: Section F - Deliveries and Performance | 8 | | | | | X | | |
| Award/Contract: Section G - Contract Administration Data | 9 | | | | | X | | |
| Award/Contract: Section H - Special Contract Requirements | 10 | | | | | X | | |
| Award/Contract: Section I - Contract Clauses | 11 | | | | | X | | |
| Award/Contract: Section J - List of Attachments | 12 | | | | | X | | |
| SF-30: Amendment of Solicitation/Modification of Contract dated September 20, 2016 | 13 | X | X | X | | | X | |
| Amendment of Solicitation/Modification of Contract: Table of Contents | 14 | | | | | X | | |
| Amendment of Solicitation/Modification of Contract: Section B - Supplies or Services and Prices/Costs | 15 | X | | | | | X | |
| | 16 | X | | | | | X | |
| Amendment of Solicitation/Modification of Contract: Section I - Contract Clauses | 17 | | | | | X | | |
| SF-30: Amendment of Solicitation/Modification of Contract dated January 21, 2016 | 18 | | X | X | | | X | |
| Amendment of Solicitation/Modification of Contract: Table of Contents | 19 | | | | | X | | |
| Amendment of Solicitation/Modification of Contract: Section B - Supplies or Services and Prices/Costs | 20 | X | | | | | X | |
| | 21 | X | | | | | X | |
| Amendment of Solicitation/Modification of Contract: Section J - List of Attachments | 22 | | | | | X | | |
| SF-30: Amendment of Solicitation/Modification of Contract dated May 20, 2015 | 23 | X | X | X | | | X | |

| Document Description | Bates | b4 1 | 6/7C 1 | 6/7C 2 | Per ODNI | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|
| Amendment of Solicitation/Modification of Contract: Table of Contents | 24 | | | | | X | | |
| Amendment of Solicitation/Modification of Contract: Section B - Supplies or Services and Prices/Costs | 25 | X | | | | | X | |
| | 26 | X | | | | | X | |
| Amendment of Solicitation/Modification of Contract: Section J - List of Attachments | 27 | | | | | X | | |
| Intelligence Advanced Research Projects Act (IARPA): Section B - Supplies or Services and Prices/Costs | 28 | X | | | b4 | | X | |
| IARPA: Section C - Description Specifications/Work Statement | 29 | | | X | b6 | | X | |
| IARPA: Section E - Inspection and Acceptance; Section F - Deliveries or Performance | 30 | | | | | X | | |
| IARPA: Section F - Deliveries or Performance; Section G - Contract Administration Data | 31 | | X | | b3 - National Security Act of 1947 [50 USC § 3024(m)(1)] | | X | |
| IARPA: Section G - Contract Administration Data; Section H - Special Contract Requirements | 32 | | | | | X | | |
| | 33 | | | | | X | | |
| | 34 | | | | | X | | |
| | 35 | | | X | b6 | | X | |
| | 36 | | | | | X | | |
| | 37 | | | | | X | | |
| | 38 | | | | | X | | |
| IARPA: Section H11 - Liability and Negation of Warranty; Section I - Contract Clauses | 39 | | | | | X | | |
| | 40 | | | | | X | | |
| | 41 | | X | | | | X | |
| | 42 | | | | | X | | |
| IARPA: Cost Proposal dated November 10, 2015 | 43 | | | X | b4 | | X | |
| | 44 | X | | X | b4 | | | X |
| IARPA: Section 2 - Estimated Cost Breakdown | 45 | X | | X | b4 | | | X |
| | 46 | X | | X | b4 | | | X |
| | 47 | X | | X | b4 | | | X |
| | 48 | X | | | b4 | | | X |
| | 49 | X | | | b4 | | | X |

| Document Description | Bates | b4 1 | 6/7C 1 | 6/7C 2 | Per ODNI | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|
| IARPA: Cost Proposal dated November 26, 2014 | 50 | | | X | b4 | | | X |
| | 51 | X | | X | b4 | | | X |
| IARPA: Section 2 - Estimated Cost Breakdown | 52 | X | | X | b4 | | | X |
| | 53 | X | | | b4 | | | X |
| | 54 | X | | | b4 | | | X |
| | 55 | | | X | b4 | | | X |
| | 56 | X | | X | b4 | | | X |
| | 57 | X | | | b4 | | | X |
| | 58 | X | | | b4 | | | X |
| | 59 | X | | | b4 | | | X |
| IARPA: Technical and Management Proposal | 60 | X | | | b4 | | | X |
| | 61 | X | | X | b4 | | | X |
| | 62 | | | X | b4 | | | X |
| | 63 | | | X | b4 | | | X |
| | 64 | | | | b4 | | | X |
| | 65 | | | | b4 | | | X |
| | 66 | | | | b4 | | | X |
| | 67 | | | | b4 | | | X |
| | 68 | | | | b4 | | | X |
| | 69 | | | | b4 | | | X |
| | 70 | | | | b4 | | | X |
| | 71 | | | | b4 | | | X |
| | 72 | | | | b4 | | | X |
| | 73 | | | X | b4 | | | X |
| | 74 | | | X | b4 | | | X |
| | 75 | | | X | b4 | | | X |
| | 76 | | | X | b4 | | | X |
| | 77 | | | X | b4 | | | X |
| | 78 | | | X | b4 | | | X |
| | 79 | | | X | b4 | | | X |

| Document Description | Bates | b4 1 | 6/7C 1 | 6/7C 2 | Per ODNI | RIF | RIP | FOIA WIF |
|---|---|---|---|---|---|---|---|---|
| | 80 | | | X | b4 | | | X |
| | 81 | | | | b4 | | | X |
| | 82 | | | | b4 | | | X |
| | 83 | | | | b4 | | | X |
| Contract Completion Statement dated September 14, 2016 | 84 | | X | X | | | X | |
| Contract Closeout Checklist undated | 85 | | | | | X | | |
| SF-30: Amendment of Solicitation/Modification of Contract dated December 29, 2016 | 86 | | X | | | | X | |
| Amendment of Solicitation/Modification of Contract: Table of Contents | 87 | | | | | X | | |
| Amendment of Solicitation/Modification of Contract: Section B - Supplies or Services and Prices/Costs | 88 | X | | | | | X | |
| | 89 | | | | | X | | |
| Amendment of Solicitation/Modification of Contract: Section J - List of Attachments | 90 | | | | | X | | |

# 18-cv-05391
## Page Disposition Totals

| **Page Disposition Totals** |
|---|
| **Total: 90** |
| RIF: 29 |
| RIP: 21 |
| WIF: 40 |
| • FOIA Exemption(s):     40 |

## USAID FOIA F-00040-16

| Page # | Page # Records Set Released in Email Batches (11 total) | Document Title | FOIA Exemption | Rationale |
|---|---|---|---|---|
| 3 | Records Set 1: Pg 3 | Center for Excellence in Entrepreneurship Report #1 | (b)(6) | Passport numbers |
| 113 - 116 | Records Set 2: Pg 33 - 36 | USAID Funded Higher Education Commission - Financial Aid Development Program Final Report | (b)(6) | Names, Gender; DoB; Country of Residence; Citizenship; Passport number; Passport expiry date; Address; Contact phone number; Email address |
| 126 | Records Set 2: Pg 46 | Annex 5 Detailed Itinerary and Schedule of Activities for University/Corporate Visits | (b)(6) | Emergency telephone numbers |
| 129 | Records Set 2: Pg 48 | Annex 5: Detailed Itinerary and Schedule of Activities for University/Corporate Visits | (b)(6) | Cellphone number |
| 148 | Records Set 2: Pg 68 | Annex 5: Detailed Itinerary and Schedule of Activities for University/Corporate Visits | (b)(6) | Cellphone number |
| 158 | Records Set 2: Pg 78 | Annex 5: Detailed Itinerary and Schedule of Activities for University/Corporate Visits | (b)(6) | Cellphone number |
| 162 -164 | Records Set 3: Pg 2 - 4 | Annex 6: Supplementary Materials | (b)(6) | Cellphone numbers |
| 175 - 191 | Records Set 3: Pg 15 - 31 | Fulbright Programs for 2007 | (b)(6) | Full names of Pakistani Fulbright students (High Threat Environment) |

| | | | | |
|---|---|---|---|---|
| 192 | Records Set 3: Pg 32 | USAID Funded Higher Education Commission - Financial Aid Development Program: Cost Share Strategy and Plan | (b)(4) | 1) Percentage estimates of the cost/value of U.S. based study tours to be provided by the training organization (AED) in the form of discounts and in-kind contributions 2) Estimated value of the partners' cost share contribution |
| 193 | Records Set 3: Pg 33 | USAID Funded Higher Education Commission - Financial Aid Development Program: Cost Share Strategy and Plan | (b)(4) | 1) Estimated value of cost share leveraged as part of AED's first study tour 2) Remaining funds to be used to implement two additional study tours 3) AED's estimated cost share contribution percentage leveraged by other companies |
| 194 | Records Set 3: Pg 34 | USAID Funded Higher Education Commission - Financial Aid Development Program: Cost Share Strategy and Plan | (b)(4) | AED's estimate of donated time/cost from Pakistani experts for program activities |
| 419 | Records Set 6: Pg 19 | Email | (b)(6) | Cellphone number |
| 420 | Records Set 6: Pg 20 | Email | (b)(6) | Cellphone number; personal email (yahoo.com) |
| 424 - 450 | Records Set 6: Pg 24 - 50 | All 2005 Grantees: 2005 Fulbright Master's | (b)(6) | Full names of Pakistani Fulbright students (High Threat Environment) |
| 482 - 483 | Records Set 7: Pg 2 - 3 | Scene Setter: Roundtable with Youth Representatives Friday, February 6, 2015 | (b)(6) | Palestinian youth meeting on impact of USAID programs. Biographies of youth participants redacted - ranging in age from 15 yrs old to mid 20s. |
| 558 - 559 | Records Set 7: Pg 78-79 | Scene Setter: Roundtable with Youth Representatives Friday, February 6, 2015 | (b)(6) | Palestinian youth meeting on impact of USAID programs. Biographies of youth participants redacted - ranging in age from 15 yrs old to mid 20s |

| 639 | Records Set 9: Pg 7 | Draft PFDP, AMIDEAST Bi-Weekly Report | (b)(6) | Cellphone number |
|---|---|---|---|---|
| 656 | Records Set 9: Pg 24 | Email | (b)(6) | Cellphone number |
| 658 | Records Set 9: Pg 26 | Email | (b)(6) | Cellphone number |
| 659 | Records Set 9: Pg 27 | Email | (b)(5) | Attorney-Client Privilege: USAID Legal Officer for West Bank & Gaza providing legal analysis to USAID staff |
| | | | (b)(5) | Attorney-Client Privilege: USAID Legal Officer for West Bank & Gaza discussing legal grounds for decision, and analysis |
| 660 | Records Set 9: Pg 28 | Email | (b)(5) | Attorney-Client Privilege: USAID employee requesting advice from USAID Legal Officer for West Bank & Gaza |
| 666 | Records Set 9: Pg 34 | Email | (b)(6) | Cellphone number |
| 668 - 670 | Records Set 9: Pg 36 - 38 | Email | (b)(6) | Cellphone numbers |
| 682 | Records Set 9: Pg 50 | Email | (b)(6) | Cellphone number and personal email address |
| 683 | Records Set 9: Pg 51 | Email | (b)(6) | Cellphone number and personal email address |
| 687 - 696 | Records Set 9: Pg 55 - 64 | 2005 and 2006 Fulbright Master's | (b)(6) | Full names of Pakistani Fulbright students (High Threat Environment) |
| 703 | Records Set 10: Pg 7 | Email | (b)(5) | Deliberative Process privilege:     Opinions - discussing the appearance of conflict of interest |
| 714 | Records Set 10: Pg 18 | Cooperative Agreement No. AID-294-A-15-00012 | (b)(4) | Cost Share Amount and Total program amount (Total obligated amount provided in release) |

3

| 717 | **Records Set 10: Pg 21** | Cooperative Agreement No. AID-294-A-15-00012 | **(b)(4)** | Line Item costs: Personnel; supplies; travel; etc |
|---|---|---|---|---|
| 723 | **Records Set 10: Pg 27** | Cooperative Agreement No. AID-294-A-15-00012 | **(b)(4) AND (b)(6)** | Key Personnel Name |
| 730 | **Records Set 10: Pg 34** | Cooperative Agreement No. AID-294-A-15-00012 | **(b)(4)** | Cost Sharing Section: Amount Business Submitter agrees to expend of the total activity costs |
| 780 | **Records Set 11: Pg 1** | Cooperative Agreement No. AID-294-A-15-00012 | **(b)(4)** | Total Cost Share Amount |
| 788 | **Records Set 11: Pg 9** | Cooperative Agreement No. AID-294-A-15-00012 | **(b)(4) AND (b)(6)** | Key Personnel |
| 805 | **Records Set 11: Pg 26** | AMIDEAST Palestinian Faculty Development Program Extension Budget (Modification 18) | **(b)(4)** | 1) Line Item costs: Personnel; supplies; travel; etc 2) Cost Share Amount and Total program budget 3) Direct and Indirect Costs |
| 806-808 | **Records Set 11: Pg 27 - 29** | AMIDEAST Palestinian Faculty Development Program Extension Budget (Modification 18) | **(b)(4)** | AMID EAST budget breakdown - costs for personnel; travel; supplies; other direct/indirect costs |
| 812 - 813 | **Records Set 11: Pg 33 - 34** | Email | **(b)(6)** | personal email address: @gmail |
| 816 | **Records Set 11: Pg 37 - 34** | Email | **(b)(6)** | cellphone number |
| 817 - 818 | **Records Set 11: Pg 38 - 39** | Information Needed to Create USAID/WBG Sub awardees Universe and Audit Plan: Prime Awardee AMIDEAST | **(b)(4)** | 1) Total Estimated Cost of Sub award   2) Total Prime Paid to Sub awardees   3) Estimated Prime to pay sub awardees |
| 819 | **Records Set 11: Pg 40** | Visit Schedule for Dr. Shah Tel Aviv - Jerusalem - West Bank | **(b)(6)** | Cellphone numbers |

| | | | | |
|---|---|---|---|---|
| 824 - 828 | Records Set 11: Pg 45 - 49 | USAID/WBG Semi Annual Portfolio Review Activity Summary Sheet Compete - FY14 | (b)(5) | Deliberative Process Privilege:<br>1) Overall Objective<br>2) Estimated Costs and Burn Rate<br>3) Major Accomplishments<br>4) Progress Work Plan |
| 832 | Records Set 11: Pg 53 | Education Development Office: Education and Youth Programs | (b)(5) | Deliberative Process Privilege:<br>Planned program budget |
| 834 - 835 | Records Set 11: Pg 55 - 56 | Education Development Office: Education and Youth Programs | (b)(5) | Deliberative Process Privilege:<br>Planned program budget |
| 837 | Records Set 11: Pg 58 | Education Development Office: Education and Youth Programs | (b)(5) | Deliberative Process Privilege:<br>Planned program budget |
| 839- 842 | Records Set 11: Pg 60 - 64 | Education Development Office: Education and Youth Programs | (b)(5) | Deliberative Process Privilege:<br>Planned program budget |
| 868 | Records Set 11: Pg 89 | Email | (b)(6) | Cell phone numbers |
| 871 - 882 | Records Set 11: Pg 92 - 103 | Email | (b)(6) | 1) Full Name of Iraqi Professor traveling to Northwestern Center for Teaching Excellence as awardee<br>2) Cell phone number<br>3) Skype contact info |
| 884 | Records Set 11: Pg 105 | Email | (b)(6) | 1) Full Name of Dubai Professor traveling to Northwestern Center for Teaching Excellence as awardee          2) Cell phone number |
| 886 - 912 | Records Set 11: Pg 107 - 133 | Email | (b)(6) | 1) Full Names of Palestinian Professors traveling to Northwestern Center for Teaching Excellence as awardee          2) Cell phone number<br>3) Skype contact info |

| 914 | Records Set 11: Pg 135 | Email | (b)(6) | 1) Full Name of Palestinian Professor traveling to Northwestern Center for Teaching Excellence as awardee 2) Cell phone number |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



August 14, 2019

Jacqueline Stevens
Northwestern University
Political Science Department
601 University Place
Evanston, IL 60208

**RE:** **Jaqueline Stevens v. Broadcasting Board of Governors**, et. 18-cv-05391
**ICE FOIA Case Number 2018-ICLI-00052**
**Final Response**

Dear Ms. Stevens:

This letter is the final response to your Freedom of Information Act (FOIA) requests to U.S. Immigration and Customs Enforcement (ICE). The complaint arises from ten FOIA requests submitted between March 8, 2018, and July 3, 2018, pertaining to individuals claiming U.S. citizenship, grievances at contractor detention facilities, and records for specific individuals.

1. All documents uploaded to the PLAnet case management system since January 1, 2016 regarding persons claiming or proving U.S. citizenship. This includes, but is not limited to, memoranda on claims of U.S. citizenship and all related items (including but not limited to notes and screenshots of database interfaces), and any and all information entered in the "USC Claims" section of PLAnet, as well as screenshots of all tabs for PLAnet users who access information on USC claims.
2. All material received, produced, referred to, or maintained since January 1, 2016 by Immigration and Customs Enforcement and its components related to the use of detainee labor by private contractors.
3. All system records and other items maintained, produced, or distributed by ICE pertaining to Ramatu Kiadii Soko.
4. All system records and other items maintained, produced, or distributed by ICE pertaining to Manuel A. Herrera Diego.
5. All system records and other items maintained, produced, or distributed by ICE pertaining to Arthur Godfrey.
6. All records pertaining to the discovery and response to infectious diseases among detainees held under immigration laws at Polk County Jail from January 1, 2018 to present.
7. All system records and other items related to a detention facility in Conroe, Texas.

8. Grievances, grievance logs, and related records for individuals in ICE custody at the Polk County Jail from January 1, 2018, to present.
9. Grievances, grievance logs, and related records for individuals in ICE custody at the Polk County Jail from January 1, 2016, to December 31, 2017.
10. All system records and other items maintained, produced, or distributed by ICE pertaining to Jennifer Marenette.

ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the Department of Health and Human Services (HHS) located records that were potentially responsive to your request.   For this production ICE reviewed 2,038 pages of potentially responsive records.  ICE has determined that 14 pages of records were non-responsive or duplicates and the attached 2,024 responsive pages of records have been Bates numbered 2018-ICLI-00052 6063 through 2018-ICLI-00052 8086.

ICE has applied FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) to portions of the pages produced as described below.

ICE has applied FOIA Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees, and portions of the responsive documents which qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

Please note that ICE made certain (b)(5) redactions in the final production that will be referred to the U.S. Department of Justice for review and response.  AUSA Prashant Kolluri will notify you of any changes.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested

outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency law enforcement case numbers contained within the document, internal codes used to identify folders in an internal ICE task management system, law enforcement database category codes, and law enforcement techniques.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant U.S. Attorney Prashant Kolluri at (312) 886-9085 or Prashant.Kolluri@usdoj.gov.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  2,024 page(s)

cc: Prashant Kolluri
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Illinois
219 S. Dearborn, Suite 500
Chicago, IL 60604

# STEVENS v. U.S. AGENCY FOR GLOBAL MEDIA

**(CIVIL ACTION NO. 1:18-cv-05391)**
**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**(EASTERN DIVISION)**

# INDEX OF DOCUMENTS WITHHELD

**(BROADCASTING BOARD OF GOVERNOR'S FOIA CASE NO. 16-046-1)**

| NO. | CATEGORY | EXEMPTION(S) | DESCRIPTION |
|---|---|---|---|
| 1. | Survey | 4 | InterMedia - 2008 National Survey in Afghanistan (version 12)<br>- Protect commercial and financial information (e.g., proprietary third-party audience survey and interview scripts) obtained from outside the government and is privileged or confidential.<br>- (67 pages) |
| 2. | Survey | 4 | InterMedia – 2008 National Survey in Afghanistan (version 13)<br>- Protect commercial and financial information (e.g., proprietary third-party audience survey and interview scripts) obtained from outside the government and is privileged or confidential.<br>- (68 pages) |
| 3. | Survey | 4 | InterMedia – Afghanistan Media Survey Wave 4 Methods Report (2007)<br>- Protect commercial and financial information (e.g., proprietary third-party statistical breakdown of audience |

1

| | | | |
|---|---|---|---|
| | | | polling) obtained from outside the government and is privileged or confidential.<br>- **(8 pages)** |
| **4.** | **Survey** | **4** | **InterMedia - 2007 National Survey in Afghanistan (02/07/2008)**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results) obtained from outside the government and is privileged or confidential.**<br>- **(105 pages)** |
| **5.** | **Survey** | **4** | **InterMedia - 2008 National Survey in Afghanistan (including Booster samples) (10/24/2008)**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results) obtained from outside the government and is privileged or confidential.**<br>- **(171 pages)** |
| **6.** | **Survey** | **4** | **InterMedia – Afghanistan Media Survey Wave 5 Methods Report (2008)**<br>- **Protect commercial and financial information (e.g., proprietary third-party statistical breakdown of audience polling) obtained from outside the government and is privileged or confidential.**<br>- **(18 pages)** |
| **7.** | **Survey** | **4** | **D3 Systems, Inc. – Iraq Media Survey Wave 4 Methods Report (2008) (01/27/2009)**<br>- **Protect commercial and financial information (e.g., proprietary third-party statistical breakdown of audience polling) obtained from outside the government and is privileged or confidential.** |

| | | | |
|---|---|---|---|
| | | | - **(20 pages)** |
| **8.** | **Survey** | **4** | **Iran – National Telephone Survey on Media Habits**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview scripts) obtained from outside the government and is privileged or confidential.**<br>- **(39 pages)** |
| **9.** | **Survey** | **4** | **InterMedia - Iran – National Telephone Survey on Media Habits (January 2011)**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview scripts) obtained from outside the government and is privileged or confidential.**<br>- **(47 pages)** |
| **10.** | **Survey** | **4** | **InterMedia – 2008 Media Survey in Iraq**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview scripts) obtained from outside the government and is privileged or confidential.**<br>- **(75 pages)** |
| **11.** | **Survey** | **4** | **InterMedia – 2008 National Survey in Iraq (no Booster samples included) (02/20/2009)**<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results) obtained from outside the government and is privileged or confidential.**<br>- **(199 pages)** |

| 12. | Survey | 4 | InterMedia - 2008 National Survey in Iraq (including Booster samples) (02/20/2009)<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results) obtained from outside the government and is privileged or confidential.**<br>- **(199 pages)** |
|---|---|---|---|
| 13. | Report | 4 | D3 Systems, Inc. – Analytical Report: Focus Groups for Voice of America Kurdish TV – Kurd Connection (12/08/2017)<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results and analysis) obtained from outside the government and is privileged or confidential.**<br>- **(30 pages)** |
| 14. | Study | 4, 6 | D3 Systems, Inc. – BBG Yemen Media Study Deep Dive (03/22/2011)<br>- **Protect commercial and financial information (e.g., proprietary third-party audience survey and interview results and analysis) obtained from outside the government and is privileged or confidential.**<br>- **Protect personal privacy interests of individuals identified in the report.**<br>- **(34 pages)** |