IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | |
| Plaintiff, | |
| v. | Case No. 18-cv-5391 |
| BROADCASTING BOARD OF GOVERNORS, *et al.*, | Judge Mary M. Rowland |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jacqueline Stevens brings this action against the several federal agencies under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking to compel the adequate search and disclosure of all responsive records withheld in response to her several FOIA requests. On March 2, 2020, Stevens filed a motion to compel the production of certain documents related to the case. Dkt. 44. In order to facilitate the litigation, the parties agreed to consolidate their briefing, so that the government responded to Stevens's Motion and filed a Motion for Summary Judgement at the same time. Dkt. 54. In this Opinion, the Court addresses the issues raised in the Motion to Compel. In a concurrent opinion issued today, the Court addresses the Motion for Summary Judgement. For reasons stated herein, Stevens's Motion to Compel [44] is denied.

    **I.   Background**

This case arises from twenty-nine FOIA requests that Stevens, a professor at Northwestern University, filed with eleven different federal agencies. Dkt. 44, 1.

1

Stevens filed this lawsuit on August 8, 2018 to compel the disclosure of responsive records. *Id.* at 2. At issue in the instant Motion to Compel is the scope and withholding of documents related to the FOIA requests of six federal agencies—the U.S. Agency for Global Media (USAGM, formerly the Broadcasting Board of Governors); the Department of Health and Human Services (HHS); Citizenship and Immigration Services (USCIS); the United States Geological Survey (USGS); the United States Administration for International Development (USAID); and Immigration and Customs Enforcement (ICE). *Id.* at 3-6.

Several elements of the FOIA requests are relevant to this Motion. Stevens requested that HHS provide "[a]ll correspondence, including but not limited to email and text messages, with employees of Immigration and Customs Enforcement or Customs and Border Protection . . . related to policies, protocols, and practices for assessing the age of those in the custody of HHS or ICE." *Id.* at 4. Similarly, she requested that ICE provide "[a]ll material . . . related to the use of detainee labor by private contractors. This includes but is not limited to system records, contracts, including memorandums of understanding and addenda, letters, memoranda, reports, draft reports, policy proposals, notes, text messages, faxes, and email." *Id.* at 6.

She also requested that HHS produce "[a]ll invoices or other records maintained or submitted by Southwest Key for documenting expenditures for providing age assessments to HHS" and documents related to "work requested, performed, OR discussed in any medium with Professor David R. Senn or his representatives." *Id.* at

2

4. And, finally, she asked ICE to produce "screenshots" of its "PLAnet case management system." *Id.* at 6.

## II. Analysis

In her Motion, Stevens raises four issues. First, she argues that the text messages of government officials should be produced consistent with her FOIA request. She next asserts that agency records maintained for the agency by government contractors are subject to FOIA production. She argues that screenshots constitute records and so must be produced. And she requests limited discovery into the scope of searches performed or, in the alternative, an order requiring the government to produce affidavits detailing the search and a *Vaughn* index of withheld material.

### A. FOIA Does Not Require ICE and DHS to Produce Text Messages

Stevens requests that the Court order HHS and ICE to produce text messages by their employees responsive to her FOIA request. FOIA requires agencies to make their "records" available upon request. 5 U.S.C. § 552(a)(3)(A). "Records" includes information stored "in any format, including an electronic format." *Id.* at § 552(f)(2)(A). Citing to the Federal Records Act and implementing regulation, Stevens argues that such records include text messages by an agency's personnel. *See* 44 U.S.C. § 2911(c)(1); 36 C.F.R. § 1220.18.

While "records" as defined by FOIA may well include text messages, FOIA does not requires agency searches that are "literally impossible for the defendants to conduct." *Moore v. Nat'l DNA Index Sys.*, 662 F. Supp. 2d 136, 139 (D.D.C. 2009). For example, courts have held that the FBI is not required to produce a FOIA requestor's

3

DNA records on the FBI's DNA database because the database does not contain individuals' names or other personal identifiers, making such a search impossible. *See id.* at 138; *Lockett v. Wray*, 271 F. Supp. 3d 205, 209 (D.D.C. 2017). If they are impossible to find, an agency does not violate FOIA when it fails to produce responsive records.

In this case, the government argues that HHS and ICE cannot produce responsive text messages because they are technologically incapable of doing so. In support, they cite to declarations provided by officials in the departments detailing their efforts to comply with the FOIA process. Both declarations state that their respective agencies are unable to produce text messages. HHS is unable to do so because "HHS does not maintain records of text messages." Dkt. 56-2, Smith Decl. ¶ 14. Meanwhile, ICE "does not have the technical capability to search for individual employees' text messages." Dkt. 56-6, Fuentes Decl. ¶ 28(b)(1). The agencies cannot produce responsive text messages because they either do not record them or are unable to search them.

Stevens objects to this argument. She asserts that some departments within ICE can search cell phones as part of their investigative mission. But obviously the context and scope of such a search is different from that contemplated by the FOIA request. Agency affidavits and declarations in FOIA litigation, meanwhile, are "accorded a presumption of good faith." *Demma v. U.S. Dep't of Just.*, No. 93 C 7296, 1996 WL 11932, at *3 (N.D. Ill. Jan. 10, 1996) (quoting *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994)). These declarations "explain how it is not feasible to search

4

these messages for responsive material." *Ctr. for Biological Diversity v. U.S. Env't Prot. Agency*, 279 F. Supp. 3d 121, 143 (D.D.C. 2017). This is enough to defeat Stevens's speculation to the contrary.

Stevens also argues that the Court must declare that HHS and ICE have violated the Federal Records Act by failing to store text messages in a searchable form. But "Congress never intended when it enacted the FOIA, to displace the statutory scheme embodied in the Federal Records Act and the Federal Records Disposal Act providing for administrative remedies to safeguard against wrongful removal of agency records as well as to retrieve wrongfully removed records." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 154, 100 S. Ct. 960, 970, 63 L. Ed. 2d 267 (1980). FOIA litigation is thus an inappropriate vehicle for this issue. Stevens's Motion to Compel denied as to the ICE and HHS text messages.

### B. The Government Need Not Produce Records Held by Dr. Senn or Southwest Keys

Stevens next argues that HHS must produce agency records maintained for it by Dr. David Senn and a company named Southwest Keys. Stevens seeks various records allegedly maintained by Senn and "[a]ll invoices or other records maintained or submitted by Southwest Key for documenting expenditures for providing age assessments to HHS." Dkt. 44, 4. FOIA defines "records" subject to production to include "any information . . . that is maintained for an agency by an entity under Government contract, for the purposes of records management." 5 U.S.C. § 552(f)(2)(B). So, insofar as HHS maintained contracts with these actors for the purposes of records management, those records may be subject to production.

5

According to HHS's declaration, however, HHS did not have any kind of contract with Senn during the relevant period. Dkt. 56-2, Smith Decl. ¶ 11. Stevens has not offered any evidence or even assertions to the contrary. Because Senn and HHS did not have a contract, any documents under his control fall outside of the scope of FOIA. HHS is not responsible for producing them.

As for Southwest Key, it is unclear whether any responsive documents under the company's control exist. But even if they do, HHS has not found any evidence suggesting that Southwest Key maintains records "for" HHS "for the purposes of records management." *See id*. Without that element of agency control, FOIA does not apply to the documents. *See Jud. Watch, Inc. v. Fed. Hous. Fin. Agency*, 646 F.3d 924, 928 (D.C. Cir. 2011) ("[W]here an agency has neither created nor referenced a document in the conduct of its official duties, the agency has not exercised the degree of control required to subject the document to disclosure under FOIA.")

### C. The Government Need Not Produce Screenshots

Stevens also demands that ICE produce screenshots of the "PLAnet" computer program employed by the agency. She argues that screenshots qualify as records and so may be subject a FOIA request. However, "[t]he Act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980). The ICE official's declaration makes clear fulfilling this request would require the creation of new documents—the requested screenshots.

6

Dkt. 56-6, Fuentes Decl. ¶ 27(n). As such, they are beyond the scope of FOIA and ICE is not required to produce them.

Stevens argues that the demand is appropriate because FOIA requires the agency to provide the record "in any form or format requested by the person." 5 U.S.C. §552(a)(3)(B). Software programs can sometimes qualify as agency records. *See Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health & Hum. Servs.*, 844 F. Supp. 770 (D.D.C. 1993). Stevens has not produced any cases, however, to support the view that a screenshot is a "form" of a software program. Common sense suggests otherwise. A screenshot is a representation of a program in action, but it lacks any of the functionality or utility associated with the program. It is not, then, comparable to producing the same document on either a CD-ROM or a flash drive. Because producing screenshots would require creating a new record, ICE need not do so.

### D. Withholdings

Finally, Stevens requests the opportunity to perform limited discovery to determine the scope of the government's search. In the alternative, she requests that the Court order the government to produce affidavits detailing the search and a record, known as a *Vaughn* index, that details the rationale for withheld documents. In its subsequent Motion for Summary Judgement, the government has produced affidavits discussing the search process of each agency. The adequacy of these affidavits is discussed in the Opinion addressing that motion. We focus here on the *Vaughn* index.

In FOIA cases, the government bears the burden of justifying its decision to withhold requested information. *See, e.g.*, *Canning v. U.S. Dep't of Just.*, 848 F. Supp. 1037, 1042 (D.D.C. 1994). A *Vaughn* index, named for the D.C. Circuit case where one was first ordered, is one way the government may attempt to satisfy that burden. When many documents are withheld or redacted, supporting each withholding with sufficient specificity is an organizationally difficult task. The index creates a system that "would correlate statements made in the Government's refusal justification with the actual portions of the document." *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). The end result is "an indexing system [that] … subdivide[s] the document under consideration into manageable parts cross-referenced to the relevant portion of the Government's justification." *Id.*

Although useful, a *Vaughn* index is not the only way the government can satisfy its burden. A sufficiently detailed affidavit, for example, can serve the same function. *Miscavige v. I.R.S.*, 2 F.3d 366, 368 (11th Cir. 1993). Although sometimes ordered earlier, courts usually require the government to submit a *Vaughn* index or similar document at the same time they file for summary judgement. *See Mullen v. U.S. Army Crim. Investigation Command*, 2011 WL 5870550, at *5–6 (E.D. Va. 2011). The plaintiff can then review the justifications and object to specific withholdings in her response.

In this case, the government has yet to submit a *Vaughn* index or similar justification for its withholdings. Instead, it argues that Stevens has waived any

8

objections she may have to the agencies' withholding and redaction of responsive documents. The Court disagrees.

In support of its view, the government cites an email exchange between counsel that took place after Stevens filed the Motion to Compel. In it, a government lawyer writes, "Just confirming our understanding from the call that exemptions and redactions are not at issue in this case, and what is at issue per the motion are adequacy-of-the-search issues." Dkt. 67-1, 1. Stevens's counsel replies, "Yes, the motion to compel we filed does not challenge any redaction/exemptions applied." *Id.* On this basis, the government argues that Stevens waived any issues related to withholding.

Stevens did not waive withholding issues. Rather, she stated that the Motion to Compel did not address them. As Stevens points out, it would have been difficult for the Motion to have addressed withholding issues at that time; because she lacked a *Vaughn* index, she did not have the information necessary to raise objections to specific withholding decisions. The fact that the Motion specifically requests a *Vaughn* index, which would be useless if withholdings were not at issue, supports this view.

As a result, the withholdings and redactions remain a live issue in this case, requiring further briefing. The government may file a renewed motion for summary judgement. Along with the motion, the government must file a *Vaughn* index or equivalently comprehensive document to aid the Court in its analysis. Given the

9

delay, the Court expects that the government will provide exceptionally clear and detailed justifications to allow for a comprehensive resolution of the issues.

### III. Conclusion

For the stated reasons, Stevens's Motion to Compel [44] is denied.

E N T E R:

Dated: March 30, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

10