UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | No. 1:18cv05391 |
| v. | ) | |
| | ) | Hon. Judge Rowland |
| BROADCASTING BOARD OF | ) | |
| GOVERNORS et al. | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S MOTION FOR ATTORNEY FEES

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(E), and Federal Rule of Civil Procedure 54(d), Plaintiff Stevens, by and through her attorney, Nicolette Glazer Esq., Law Offices of Larry R Glazer, hereby moves for attorneys' fees in the amount of $61,243.00, $400.00 in costs, plus reasonable additional fees for work performed in connection with this motion. Plaintiff submits the accompanying memorandum of law, declarations of Nicolette Glazer Esq, and a proposed order.

Respectfully Submitted by
_____/s/ *Nicolette Glazer*_____
Nicolette Glazer Esq. CSB209713
Law Offices of Larry R Glazer
2121 Avenue of the Stars #800
Century City, CA 90067
T:310-407-5353
F:310-407-5354
nicolette@glazerandglazer.com

1

MEMORANDUM OF POINTS AND AUTHORITIES

## I.    LEGAL STANDARD

Courts in FOIA cases have the authority to award "reasonable attorney fees and other litigation costs reasonably incurred" to a plaintiff who "has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). After the amendment to the Act, the attorney-fee inquiry involves a two-prong analysis: fee 'eligibility' and fee 'entitlement'. *Reyes v. U.S. Nat'l Archives & Records Admin.*, 356 F. Supp. 3d 155, 161 (D.D.C. 2018) (citing *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 524 (D.C. Cir. 2011)); *accord Solone v. I.R.S.*, 830 F. Supp. 1141 (N.D. Ill. 1993). If the plaintiff meets both these prongs, "the Court considers the reasonableness of the fees requested." *Id.*

## II.    PLAINTIFF  IS BOTH ELIGIBLE FOR AND ENTITLED TO FEES AND COSTS.

### A. By prompting 13 Agencies to perform searches in response to 29 separate FOIA requests, produce thousands of pages of records without charge, and remove redactions on dozens of documents during this five and a half years litigation, Plaintiff has prevailed under FOIA.

#### 1. Eligibility for FOIA Fees

"The eligibility prong asks whether a plaintiff has 'substantially prevailed' and thus 'may' receive fees." *Brayton*, 641 F.3d at 524 (citation omitted). A plaintiff can substantially prevail "by obtaining relief either through a judicial order, enforceable written agreement, consent decree or, alternatively, through a voluntary or unilateral change in position by the agency, if the plaintiff's claim is not insubstantial." *Reyes*, 356 F. Supp. 3d at 161 (citing 5 U.S.C. § 552(a)(4)(E)(ii)(I-II)).

Courts have referred to these two alternatives as the "judicial order" and "catalyst" theories. *See Am. Oversight v. U.S. Dep't of Justice* (Am. Oversight I), 375 F. Supp. 3d 50, 61 (D.D.C. 2019); *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.* (EPIC V), 218 F. Supp. 3d 27, 39 (D.D.C. 2016). The 13 agencies' searches performed as a direct response to this litigation and to a court order, the productions of more than 10000 pages of documents after the filing of the lawsuit, and the removal of challenged redactions on the entire ICE sample of documents for the second motion for summary judgment after years of litigation, entitle Plaintiff to relief under either theory.

*First*, "voluntary" production of responsive records over the course of litigation, without motion practice, is sufficient for a plaintiff to be eligible for fees under the "judicial order" theory where "the Court issued numerous orders supervising the search, review, and production of responsive documents." *Poulsen v. Dep't of Homeland Sec.*, No. CV 13-498 (CKK), 2016 WL 1091060, at *3 (D.D.C. Mar. 21, 2016). That is exactly what occurred here: Plaintiff obtained production of responsive documents as a result of this Court's order, ECF #16, and the supervision of the parties' efforts to work through the mountain of records to respond to Plaintiff 29 requests, ECF # 39, 70, 73, 75, 77, 79, 81, 83. After the Complaint was filed on 8 August 2018 Defendants continued to resist compliance with FOIA, prompting Hon. Judge Wood to order that "all outstanding documents discussed on the record  shall be produced by 1/25/2019". (ECF #16) Defendants failed to do so. In fact, since counsel Nicolette Glazer entered her appearance in this case, ECF #25, counsel for both parties worked diligently to resolve most of their differences and to resolve the vast majority of the legal and factual issues without motion

practice but through multiple status hearings and the filing of six status reports which the Court adopted in its supervision of the production of records in this case. (ECF # 27,33,74,76,78). For example, on 2 December 2019 Defendants reported to the Court that "the Governments' production is complete". (ECF #37). Yet the parties continued their efforts under the Court's supervision for the production of thousands of additional responsive records (12,416 by 1 March 2021) and the removal of additional withholding over the next 20 months. (ECF # 79). As a result, 22 or 29 FOIA requests were resolved by the respective agency voluntarily conducting searches and producing the records in response to the filing of this lawsuit.

*Second,* the litigation plainly served as a catalyst for Defendants' production—both of the documents in general, and of the material that eight of the agencies withheld. Under the catalyst theory, a requester is entitled to fees where "the lawsuit was reasonably necessary and the litigation substantially caused the requested records to be released." *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 878 F.Supp. 2d 225, 231 (D.D.C. 2012) (quoting *Burka v. U.S. Dep't of Health & Hum. Servs.*, 142 F.3d 1286, 1288 (D.C. Cir. 1998)). "Although the mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation, it is nonetheless a salient factor in the analysis." *Id.* (citations and marks omitted).

Here, Defendants "did not produce any of [the responsive] documents until Plaintiff filed [her] Complaint," *Poulsen,* 2016 WL 1091060, at *3, or for over three months thereafter. On December 6th, 2018 Hon. Wood ordered that "all outstanding documents discussed on the record shall be produced by 1/25/2019", ECF # 16, yet Defendant did not

4

even attempt to comply with the order until after Plaintiff had to secure counsel to represent her. (ECF # 21-25, 37). Then despite reporting that production was allegedly completed, the agencies continued to produce responsive documents for the next few years under threat of motion practice. (Exhibit B to Glazer Decl)

Without litigation, none of the documents produced by the agencies from 8 August 2018 would have been received by Plaintiff. Prof. Stevens, thus, reasonably concluded that litigation was necessary to obtain production; she was proven right over the next four years. *See Chesapeake Bay Found., Inc. v. U.S. Dep't of Agric.,* 11 F.3d 211, 216 (D.C. Cir. 1993) (noting that "reasonable necessity [is] determined from the perspective of a reasonable person in the position of the requester"), abrogated on other grounds by *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 601–02 (2001). Even if the agencies Defendants would have eventually produced some of the responsive records, "the productions would have been, at a minimum, less prompt and potentially less inclusive had they not occurred under the supervision of this Court during the pendency of this litigation.*" Poulsen, 2016 WL 1091060, at *3; see also Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec. (EPIC I),* 811 F. Supp. 2d 216, 233 (D.D.C. 2011) (holding that the plaintiff was entitled to attorneys' fees given agency's "long record of noncompliance to the plaintiff's FOIA requests, followed by [its] disclosure of a substantial quantity of non-exempt records in response to this suit").

Moreover, multiple of the agencies removed redactions of partial records as "non responsive" only after repeated requests by Plaintiff, motion practice resulting in guidance from the Court, and on the eve of renewed summary judgment briefing. This

litigation was indisputably the catalyst for the production of the additional material produced. Because the record reflects that "Plaintiff's lawsuit served as a necessary catalyst for the agency's release of [a] significant body of responsive material," *EPIC V, 218 F. Supp. 3d at 50,* Plaintiff is eligible for fees*.*

> B. *Prof. Stevens is entitled to an award of attorneys' fees and costs.*

Prof. Stevens also meets the requirements of the entitlement prong under D.C. Circuit case law. The inquiry requires the balancing of four factors, no one of which is dispositive: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *McKinley v. Fed. Hous. Fin. Agency,* 739 F.3d 707, 711 (D.C. Cir. 2014) (internal quotation marks omitted). The second and third factors typically merge into the single question "whether a plaintiff has sufficient private incentive to seek disclosure of the documents without expecting to be compensated for it." *Id.* (citations and internal quotation marks omitted). Taken together, the first three factors help distinguish "between requesters who seek documents for public informational purposes," on the one hand, and "those who seek documents for private advantage," on the other. *Davy v. CIA (Davy II),* 550 F. 3d 1155, 1160 (D.C. Cir. 2008). All four factors weigh in favor of a fee award here.

> 1. Plaintiff's requests were calculated to obtain documents with significant benefit to the public.
> In evaluating the first factor, the "public benefit," courts conduct "an *ex ante* assessment of the potential public value of the information requested, with little or no regard to whether any documents supplied prove to advance the public interest*." Morley*

*v. CIA (Morley II),* 810 F.3d 841, 844 (D.C. Cir. 2016). Where it is "plausible *ex ante* that

a request has a decent chance of yielding a public benefit, the public-benefit analysis ends

there." *Id.*

Plaintiff's requests easily meet this standard. The requests sought information

about controversial governmental practices and policies in the face of confusion among

immigrants, immigrant activists, and advocates. Plaintiff's FOIA litigation was

instrumental in increased public scrutiny of the immigration bureaucracy. (ECF # 1, 90).

"An understanding of how [a federal agency] makes policy decisions, including the

influence of any outside groups on this process, is also important to the public's

understanding of the [government]." *Natural Res. Def. Council v. EPA,* 581 F. Supp. 2d

491, 498 (S.D.N.Y. 2008) (quoting *Forest Guardians v. U.S. Dep't of Interior,* 416 F.3d

1173, 1179 (10th Cir. 2005)).

Plaintiff's requests for information were thus reasonably calculated "to add to the

fund of information that citizens may use in making vital political choices." *Cotton v.*

*Heyman,* 63 F.3d 1115, 1120 (D.C. Cir. 1995) (quoting *Fenster v. Brown,* 617 F.2d 740,

744 (D.C. Cir. 1979)).

*2*. Prof. Stevens had no significant private incentive to seek disclosure.

The second and third entitlement factors, examining the commercial benefit to the

plaintiff and the plaintiff's interest in the records sought, also weigh in favor of

entitlement. Prof. Stevens is a journalist and a tenured professor who sought the

requested records to further the mission of the Deportation Research Clinic of promoting

openness and democratic accountability in government, especially in the field of

7

immigration. *See* https://deportation-research.buffett.northwestern.edu/. She had no

commercial interest in the records sought, and she intended to and has disseminated the

records free of charge to the public. She also utilizes them in her ongoing work, informing

members of the public about government transparency, unlawful deportation of United

States citizens, and other regulatory issues. *Id.* Courts have regularly found

organizations with similar interests to be entitled to fees. *See Am. Oversight I,* 375 F.

Supp. 3d at 67*; EPIC I,* 811 F. Supp. 2d at 235; *Citizens for Responsibility & Ethics in*

*Wash. v. U.S. Dep't of Justice,* 820 F. Supp. 2d 39, 45 (D.D.C. 2011).

   *3.* Defendants unreasonably delayed responding to Plaintiff's FOIA requests, withheld the requested records and made unreasonable redactions on many documents, which they later retracted.

   The final entitlement factor, the reasonableness of Defendants' withholding of the

requested documents, also weighs in favor of a fee award here. On this factor,

Defendants, not Plaintiff, bears the burden of showing each of their respective positions

was reasonable*. Davy II, 550 F.3d at 1163.* Defendants cannot do so, neither as to each

agency's refusal to respond to the respective FOIA request within the proscribed

statutory time period, in the failure to produce any documents prior to the filing of the

litigation, in the failure to produce the documents as ordered by the Court, in the failure

to conduct proper searches, nor in their initial withholding of thousands of documents as

"non responsive records." *Davy II,* 550 F.3d at 1163 (Defendants had no "colorable or

reasonable basis for not disclosing the [requested] material until after [Plaintiff] filed

suit.")

Defendants may argue that a FOIA backlog justified the agencies' refusal to provide responsive records. Not so. "[T]he purposes behind the fourth factor of the test for entitlement to attorneys' fees … would not be served if it were reasonable for agencies to withhold documents for indeterminant periods of time because they have too many FOIA requests and too few FOIA staff members." *Reyes, 356 F. Supp. 3d at 168.* Thus, in *Reyes,* the court held that a failure to respond to the plaintiff's FOIA request for over 120 days, and responding only after the filing of a suit, was unreasonable. This case involves a delay of a significantly large magnitude and an established record of Defendants dragging their feet and prolonging the litigation over the records they ultimately produced or were forced to produce. Defendants' unjustified failure to produce any documents triggered the litigation and entitles Prof. Stevens to her fees and costs reasonably incurred in obtaining the production that should have been produced as mandated by FOIA.

### B. The fees and costs Prof. Stevens seeks are reasonable.

Prof. Stevens seeks an award of $61,243.00 in attorneys' fees and $400.00 in costs. The requested fees are reasonable and should be awarded by the Court. In calculating reasonable attorneys' fees in FOIA cases, courts "calculate[e] the 'lodestar'—the number of hours reasonably expended multiplied by a reasonable hourly rate." *EPIC V,* 218 F. Supp. 3d at 47 (citing *Bd. of Trs. of the Hotel & Rest. Emps. Local 25 v. JPR, Inc.,* 136 F.3d 794, 801 (D.C. Cir. 1998)).

*First,* the fees are for the only attorney who worked on the case. As demonstrated by contemporaneous, detailed time records, Ex. A to Glazer Dec., counsel is seeking compensation for a total of 94.22 hours of work performed between 16 May 2029 and 30

April 2023 to, among other things, take over the case, communicate with opposing counsel and her client (including negotiations over production schedules, redactions, and the content of six separate status reports to the Court), prepare and attend nine hearings, research, prepare, and brief a motion to compel, and opposing two summary judgment motions by some of the same Defendants. The amount has already been discounted by counsel by her removing duplicative time entries, entries that could not be properly redacted to protect privileged material, and an overall reduction of over 40% for the time counsel spent reviewing production and doing legal research. A reasonable hourly rate is "one that is 'derived from the market rate for the services rendered.'" *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (quoting *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003)).

*Second,* the sole costs sought are the filing fee of $400. (ECF 1)*.*

*Third,* the only time requested for the review of the production was limited to the time spent reviewing specific sets of records to evaluate the sufficiency of the release and/or the propriety of a specific withholding(s) so that the issues surrounding the production or withholding(s) could be briefed in the motion to compel, in determining the MSJ samples, and in responding to the two Rule 56 motions. Such document review time is properly included in a FOIA attorney's fees award. *Elec. Privacy Info. Ctr. v. FBI,* 80 F. Supp. 3d 149, 159 (D.D.C. 2015); *Reyes,* 356 F. Supp. at 172*; Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Security,* 999 F. Supp. 2d 61, 75 (D.D.C. 2013). As one court has already explained, "it would seem critical to the prosecution of a FOIA lawsuit for a

plaintiff to review an agency's disclosure for sufficiency and proper withholding during the course of its FOIA litigation." *EPIC I,* 811 F. Supp. 2d at 239–40.

      1. *The rates sought are reasonable.*

      "'[R]easonable fees' are those grounded in rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)). To establish the prevailing market rate, "[n]o particular type of evidence can be considered gospel; 'evidence of the prevailing market rate can take many forms.'" *Eley v. Dist. of Columbia,* 793 F.3d 97, 104 n.5 (D.C. Cir. 2015).

      The D.C. Circuit, the circuit dealing with the vast majority of FOIA litigation similar to Plaintiff's, has held that the rates set forth in the so-called "LSI Laffey matrix" are presumptively reasonable rates for complex federal litigation and suffice to meet a plaintiff's initial burden on fee requests. *Id.* at 591; *Salazar v. Dist. of Columbia,* 809 F.3d 58, 64 (D.C. Cir. 2015). Here, counsel's actual billing rates for the period under consideration were from $750 to $950. "The attorney's actual billing rate for comparable work is "presumptively appropriate" to use as the market rate." *Gusman v. Unisys Corp.,* 986 F.2d 1146, 1150 (7th Cir. 1993); *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1309 (7th Cir. 1996). The LSI Laffey rates for an attorney with over 22 years of experience were from $826 (2019) to $997 per hour. See current LSI Laffey matrix at https://www.tpmlaw.com/lsilaffeymatrix. For purposes of this award Counsel requests compensation at $650, over $300 less than the current LSI Laffey rates. The requested fee is appropriate given counsel's experience in complex federal litigation, with significant

11

experience in immigration regulatory and FOIA matters, as is relevant to this case and as set out in detail in the accompanying Glazer declaration. Moreover, courts have held that FOIA litigation similar to the one involved in this case could be properly classified as complex federal litigation. *See, e.g., Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice,* 80 F. Supp. 3d 1, 5 (D.D.C. 2015); *True the Vote, Inc. v. IRS,* Civ. No. 13-734 (RBW), 2020 WL 5656694, at *7 (D.D.C. Sept. 23, 2020). More so, in a complex, politicized, and ever-changing field as immigration enforcement: "[O]ur Byzantine immigration laws and administrative regulations are second or third in complexity [only] to the Internal Revenue Code." *Santiago v. Holder*, 312 Fed.Appx. 867, 868 (9th Cir.2009) (Pregerson, J., dissenting).

### 2. The Court should award "fees on fees."

In addition to the time spent obtaining productions from Defendants, Plaintiff seeks leave to request compensation for time spent seeking attorneys' fees. It is settled in this circuit "[r]easonable time and expenses spent preparing a fee petition are compensable ."*TY, INC. v. PUBLICATIONS INTERNATIONAL, LTD.*, No. 99 C 5565, at *1 (N.D. Ill. Nov. 23, 2001); *Reyes*, 356 F. Supp. 3d at 173 (quoting *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 771 F.2d 521, 528 (D.C. Cir. 1985) (marks omitted)).

### III. CONCLUSION

Plaintiff respectfully requests that the Court award attorneys' fees in the amount of $61,243.00, $400.00 in costs, plus leave to seek reasonable additional fees for work performed in connection with this motion.

Respectfully Submitted by
_____/s/ *Nicolette Glazer*_____

12

Nicolette Glazer Esq. CSB209713
Law Offices of Larry R Glazer
2121 Avenue of the Stars #800
Century City, CA 90067
T:310-407-5353
F:310-407-5354
nicolette@glazerandglazer.com


**CERTIFICATE OF SERVICE**

I hereby certify that on 22 May 2023 I electronically transmitted the attached document to the Clerk's

Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all

parties' registrants by operation of the Court's electronic filing system.


LAW OFFICES OF LARRY R. GLAZER
_____s/ Nicolette Glazer Esq._____
Nicolette Glazer