UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAQUELINE STEVENS, <br><br> Plaintiff, <br><br> v. <br><br> BROADCASTING BOARD OF GOVERNORS, *et al.*, <br><br> Defendants. | Case No. 18-CV-5391 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jaqueline Stevens brings this instant motion for attorney's fees [98] under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(E), and Federal Rule of Civil Procedure 54(d). For the reasons explained below, the Court denies the motion.

### BACKGROUND

The Court assumes familiarity with the facts as described in its summary judgment order [94] and provides a brief recitation here.

Stevens initially filed this complaint on August 8, 2018. [1]. Stevens sought records from twelve different federal agencies and alleged that the agencies had not properly responded to her FOIA requests. *Id.* ¶¶ 1-2.

On December 6, 2018, the Court ordered Defendants to produce all outstanding documents discussed on the record by January 25, 2019. [16]. At that time, Stevens was proceeding *pro se*. On May 16, 2019, Stevens' counsel filed her appearance. [25]. The parties continued to litigate the case. On March 2, 2020, Stevens filed a motion

to compel. [44]. On July 24, 2020, Defendants filed their first motion for summary judgment. [54].

On March 30, 2021, the Court denied Stevens' motion to compel and granted in part and denied in part Defendants' motion for summary judgment. [70]; [71]; [72]. The Court granted summary judgment as to USGS and ICE on the issue of adequacy of search. [72] at 25. The Court denied summary judgment to USAGM and HHS because those agencies provided insufficient detail in their declarations describing their search process. *Id*. The Court also denied summary judgment as to USCIS and USAID because their searches relating to "Northwestern University" were inadequate. *Id*. The Court's first summary judgment opinion did not consider the propriety of any agencies' withholding of documents under any FOIA exception. [94] at 14.

After this Court's decision, the parties continued to work together to resolve their outstanding issues. *See e.g.* [73]; [79]. On April 29, 2022, the remaining six agencies—USAGM, HHS, USCIS, USAID, ICE, and USGS—filed a second motion for summary judgment [84]. Defendants provided a *Vaughn* index to aid the Court in its analysis. [84-6] Attachment 2 (*Vaughn* Index).

The Court granted summary judgment as to all six Defendants on March 9, 2023 [94], and the civil case was terminated. *Id*.; [95]. On May 22, 2023, Stevens filed this motion for attorney's fees. [98].

## LEGAL STANDARD

District courts have the discretion to grant FOIA plaintiffs "reasonable attorney fees" if he or she "substantially prevailed". *Vidal-Martinez v. United States Dep't of Homeland Sec.*, 84 F.4th 743, 749 (7th Cir. 2023) (citing 5 U.S.C. § 552(a)(4)(E)(ii)). "A plaintiff substantially prevailed if he or she obtained relief through (I) a judicial order or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id*. (quoting 5 U.S.C. § 552(a)(4)(E)(ii)) (internal quotations omitted).

The first approach, a judicial order, "applies to cases in which there is a judicially sanctioned relationship between the parties" and the plaintiff is awarded some relief on the merits of her claims. *Davy v. CIA*, 456 F.3d 162, 166 (D.C. Cir. 2006) (internal citation omitted). A judicial order "that requires an agency to produce documents by a date certain changes the legal relationship between the parties, because prior to the order, the agency '[is] not under any judicial direction to produce documents by specific dates,' whereas after the order, the agency must do so or be subject to the sanction of contempt." *Elec. Priv. Info. Ctr. v. United States Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 39 (D.D.C. 2016) (citing *Judicial Watch*, 522 F.3d 364, 368 (D.C. Cir. 2008)).

The second approach, a voluntary or unilateral change in the agency's position, is known as the "catalyst theory". *N.Y.C. Apparel F.Z.E. v. U.S. Customs and Border Prot. Bureau*, 563 F.Supp.2d 217, 221 (D.D.C. 2008). "When determining whether a plaintiff's FOIA suit was a catalyst for the release of responsive documents, the court

must determine whether the plaintiff demonstrated that the lawsuit was necessary to ensure the agency's compliance with FOIA." *Elec. Priv. Info. Ctr.*, 218 F. Supp. 3d at 41 (internal citation omitted).

Whether the FOIA plaintiff has "substantially prevailed" is a threshold question. *Brayton v. Off. Of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011) (noting the attorney-fee inquiry is two-pronged, and the eligibility prong first asks whether a plaintiff has "substantially prevailed") (citing *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 368-69 (D.C. Cir. 2006)). A plaintiff must first prove it substantially prevailed before the court can determine whether a plaintiff is entitled to fees. *Brayton*, 641 F.3d at 524.

## ANALYSIS

Stevens argues that she has met the threshold burden and substantially prevailed under both the judicial order and catalyst theory. [98] at 3-6. Defendants disagree. [100] at 3-7.[1] The Court analyzes each argument in turn below.

A. *Judicial Order Theory*

Stevens contends that voluntary production of responsive records over the course of litigation, without motion practice, is sufficient for her to be eligible under the judicial order theory where the court supervised the search, review, and production of responsive documents. [98] at 3 (citing *Poulsen v. Dep't of Homeland*

---

[1] As a preliminary matter, Stevens failed to file a Reply that responded to Defendants' arguments. Stevens has therefore waived any argument that she has substantially prevailed. *See e.g. U.S. v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) (finding waiver where "Farris failed to respond to the Government's argument in a Reply Brief"). Even if the Court were not to find waiver, the Court would find that Stevens has not substantially prevailed for the reasons discussed *infra*.

*Sec.*, 2016 WL 109060, at *3 (D.D.C. 2016)). The Court agrees that a judicial order supervising production would typically show a plaintiff substantially prevailed. *See Judicial Watch*, 522 F.3d at 368. However, Stevens cannot recover under this theory. The Court ordered Defendants to produce all outstanding documents by January 25, 2019. [16]. But at that time, Stevens was *pro se*, and it is well established that *pro se* litigants cannot recover attorney's fees. *Bensman v. U.S. Fish & Wildlife Serv.*, 49 F. App'x 646, 647 (7th Cir. 2002) ("Attorney's fees are not available for *pro se* litigants.").

Documents that were produced after Stevens' attorney filed her appearance were not produced pursuant to court order. Attorney's fees are therefore unavailable to Stevens under the judicial order theory.

*B. Catalyst Theory*

Stevens next argues that she can recover attorney's fees under the catalyst theory. [98] at 4-5. Stevens claims that Defendants did not produce any of the responsive documents until she filed her complaint.[2] A plaintiff must show a causal link to prevail under the catalyst theory. *See Conservation Force v. Jewell*, 160 F.Supp.3d. 194, 205-06 (D.D.C. 2016).

Defendants counter that Stevens has failed to show a causal link, because (1) she has offered nothing to suggest that the only reason the agencies produced records was because of the lawsuit; and (2) Stevens' attorney's appearance did not cause the agencies to produce the requested records. [100] at 6. Indeed, ten out of twelve

---

[2] Stevens concedes that the mere filing of the complaint is insufficient to establish a causal link.

agencies produced *all* of their records before Stevens' attorney made her appearance in May 2019.

For the remaining two agencies, Stevens has failed to prove she substantially prevailed against them, as she has offered no evidence that her attorney's appearance prompted the production, and that the additional production was not simply a good faith effort to comply with FOIA. In sum, Stevens has failed to prove the causal link required under the catalyst theory.

Because Stevens has not met the threshold burden that she "substantially prevailed", the Court does not need to address the entitlement prong.

## CONCLUSION

For the reasons explained above, the Court denies Stevens' motion for attorney fees [98].

E N T E R:

Dated: March 8, 2024

MARY M. ROWLAND
United States District Judge